UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _PoS_ D.C.

DEC - 4 2009

STEVEN M. LARIMORE
CLERK U S DIST CT.
S. D. of FLA. - MIAMI

CASE NO. 09-23624

MERLY NUÑEZ, (Class Representative),

        Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY,

        Defendant.

_____/

CIV-KING

MAGISTRATE
SANDSTRA

## NOTICE OF REMOVAL OF ACTION FROM STATE COURT

TO:     THE UNITED STATES DISTRICT COURT FOR
          THE SOUTHERN DISTRICT OF FLORIDA

Defendant, GEICO General Insurance Company ("GEICO"), hereby gives notice of removal of the above-entitled civil action from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. Removal of this case is authorized under 28 U.S.C. §§ 1332, 1441, 1446 and 1453 based on the following facts:

I.     **FACTS**

1.     On or about October 26, 2009, Merly Nunez ("Plaintiff"), commenced this putative class action against GEICO by filing a Class Action Complaint ("Complaint"") in the Circuit Court of the 11th Judicial District in and for Miami-Dade County, Florida.

2.     On or about November 3, 2009, the Chief Financial Officer of the State of Florida, received service of the Summons and Complaint, a copy of which is attached hereto as **Exhibit "A."**

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

3.      On or about November 5, 2009, the Chief Financial Officer forwarded a copy of the Service of Process to GEICO *via* certified mail. *See* Exhibit "A."

4.      On or about November 23, 2009, GEICO filed an Unopposed Motion for Enlargement of Time to Respond to the Complaint, a copy of which is attached hereto as **Exhibit "B."**

5.      On or about November 24, 2009, The Honorable Victoria Sigler, Circuit Court Judge for the Eleventh Judicial Circuit in and for Miami-Dade County, entered an order granting GEICO's Unopposed Motion for Enlargement of Time, a copy of which is attached hereto as **Exhibit "C."** The Order granted GEICO through December 10, 2009, within which to serve its response to the Complaint.

6.      No other pleadings or papers have been filed in this matter.

7.      As further set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453 because GEICO has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II.    GEICO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

8.      The Complaint was served on GEICO on November 5, 2009. *See* Exhibit A. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

9.      The Circuit Court of the 11th Judicial District in and for Miami-Dade County is located within the Southern District of Florida, Miami Division.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 89(b) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

10.     No previous application for relief has been made for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon GEICO are attached hereto as Exhibits A-C.

11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, and a copy is being filed with the clerk of the Circuit Court of the 11th Judicial District in and for Miami-Dade County.

## III.    THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

12.     This case is subject to removal pursuant to the Class Action Fairness Act ("CAFA").  Pub. L. No. 109-2, 119 Stat. 4 (2005)(codified in scattered sections of 28 U.S.C.).

13.     As set forth below, this is a putative class action in which: (1) there are 100 or more members in Plaintiff's proposed class; (2) Plaintiff and the members of the putative class are citizens of a different State than GEICO; and (3) the proposed claims of the putative class members exceed the sum or value of $5,000,000 in the aggregate.  Accordingly, this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(2)(A).

   A.     *The Putative Class Consists of More than 100 Members*

14.     Plaintiff has filed a four-count Complaint seeking three declaratory judgments and damages for GEICO's alleged breach of contract.  Plaintiff has styled her complaint as a "Class Action Complaint" and defined the class as:

> The class consists of all individuals and their assigns, eligible under Florida law, to receive PIP benefits under a policy issued by GEICO, where payment for PIP benefits was denied for an alleged failure to attend an examination under oath.

Complaint at ¶ 12.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

15.     Paragraph 13 of the Complaint states:  "plaintiffs submit that there are in excess of 1000 class members as described above. . ."

16.     Accordingly, based on the plain language of the Complaint, the aggregate number of putative class members is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

B.     *Plaintiff and GEICO Meet the Requirement for Diversity of Citizenship*

17.     There is only one named Plaintiff in this action, Merly Nunez.  According to Paragraph 2 of the Complaint, Ms. Nunez is an individual that resides in Miami-Dade County, Florida.  Complaint at ¶ 2.

18.     GEICO's is incorporated under the laws of the state of Maryland, and its principal place of business is in Chevy Chase, Maryland.  *See* Declaration of Robert Morrow, attached hereto as **Exhibit "D."**

19.     Plaintiff does not allege citizenship of the Defendant in the Complaint, but merely states that GEICO "is an insurance company engaged in the business of selling private passenger automobile insurance policies in Miami-Dade County and throughout the state of Florida.  Complaint at ¶ 3.  However, the Notice of Removal corrects this technical impediment to removal by identifying the citizenship of the Defendant and submitting the supporting Declaration of Robert Morrow.

20.     For purposes of establishing diversity of citizenship, the Court may consider the entire record presented to it for removal and not merely the Complaint. *See Woolard v. Heyer-Schulte*, 791 F. Supp. 294 (S.D. Fla. 1992).  In *Woolard*, the court held that a defendant seeking to remove an action based upon diversity of citizenship can supply the elements with respect to the citizenship of the parties in its removal papers. *Id.* at 295–97; *see also Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 246 (S.D. Fla. 1982); *Estevez-Gonzalez v. Kraft, Inc.*, 606

4

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI     FORT LAUDERDALE     WEST PALM BEACH     ORLANDO     TAMPA     TALLAHASSEE     AMSTERDAM

F. Supp. 127, 129 (S.D. Fla. 1985).  Specifically, the *Woolard* court rejected the argument that a court should only look at the face of a complaint when determining diversity of citizenship. *Woolard*, 791 F. Supp. at 295.  The court stated that if it adopted the face of the complaint rule:

> [D]efendants' statutory right to removal would be wholly contingent upon the Plaintiff's choice of words.  If, for example, a citizen of Florida were suing a citizen of New York in Florida state court for a million dollars, he could foreclose the possibility of removal simply by omitting any allegation of Defendant's citizenship.  As the commentators have written, were this the rule, it would be a most undesirable one.

*Id.* at 296 (internal citations omitted); *see also Wright v. Continental Cas. Co.*, 456 F. Supp. 1075, 1077 (M.D. Fla. 1978).  *See also Hampton-Stein v. Katz*, 2009 WL 1916621 (S.D. Fla. July 5, 2009), in which the Court considered evidence from a Declaration submitted in conjunction with a Notice of Removal in order to establish diversity of citizenship of the parties.

21.    Thus, at least one plaintiff and one defendant are diverse.  28 U.S.C. § 1332(d)(2)(A), and none of the exceptions found in 28 U.S.C. §1332(d)(3-4) are applicable.

C.    *The Amount in Controversy Requirement is Satisfied*

22.    Under CAFA, the potential claims of individual class members in a putative class action are aggregated to determine whether the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).

23.    In this case, Plaintiff alleges that "GEICO determined that it has no obligation to pay NUNEZ's PIP benefits on account of the alleged failure to attend an EUO."  Complaint at ¶ 10.

24.    Plaintiff attached as Exhibit A to the Complaint GEICO's policy of automobile insurance and expressly incorporated into the Complaint the language of the policy.  Complaint at ¶ 5.  Section II of GEICO's policy makes clear that insureds covered under the policy have

5

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

PIP benefits in the amount of $10,000: "Regardless of the number of persons insured, policies or bonds applicable, vehicles involved or claims made, the total aggregate limit of personal injury benefits available. . . . as the result of any one accident shall be $10,000. . . " Exhibit A to Complaint, page 2 of Automobile Policy Amendment.

25.    Thus, according to the allegations contained in the face of the Complaint, the damages sought by the putative class are $10,000,000:  1000 class members (Complaint at ¶ 13) each seeking $10,000 in denied PIP benefits. (Complaint at ¶¶ 5, 10, 12).

26.    In undertaking this analysis, GEICO in no way concedes to any of the allegations contained in Plaintiff's Complaint.  Thus, all paragraphs and provisions contained herein are adversarial in nature and are set forth for the sole purpose of removing this matter to federal court.

## IV.    CONCLUSION

Pursuant to the above, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453 because GEICO has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to  28 U.S.C. § 1332.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

WHEREFORE, GEICO respectfully gives notice that this action now pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida is removed therefrom to this Court and that all further proceedings in this action be conducted in this Court as provided by law.

DATED:  December 4, 2009.

> **SHUTTS & BOWEN LLP**
> *Attorneys for Defendant*
> 201 South Biscayne Boulevard, Suite 1500
> Miami, Florida 33131
> Telephone: 305-358-6300
> Facsimile:  305-381-9982
>
> By: _____
> **Frank A. Zacherl**
> Florida Bar Number: 868094
> Email:fzacherl@shutts.com
> Douglas G. Brehm
> Florida Bar No. 330700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served U.S. Mail, this 4th day of December, 2009 to Juan C. Montes, Esquire, Lidsky, Vaccaro, Montes & Martinez, P.A., 145 E. 49 Street, Hialeah, FL  33013.

_____
OF COUNSEL

MIADOCS 3916854 1

7

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • **ph** 305.358.6300 • **fx** 305.381.9982 • **www.shutts.com**

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

# EXHIBIT "A"



**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services


09-60783

MERLY NUNEZ,
(CLASS REPRESENTATIVE)

PLAINTIFF(S),

VS.

GEICO GENERAL INSURANCE
COMPANY,

DEFENDANT(S).

_____/

**CASE #:**   09-78375 CA 23
**COURT:**   CIRCUIT COURT
**COUNTY:** MIAMI-DADE
**DFS-SOP#:** 09-60783

DOL 9/17/08
Reported 10/20/08

CIVIL ACTION SUMMONS, CLASS ACTION COMPLAINT, EXHIBIT, DISCOVERY

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida.  Said process was received in my office by MAIL on the 3rd day of November, 2009 and a copy was forwarded by Electronic Delivery on the 5th day of November, 2009 to the designated agent for the named entity as shown below.

GEICO GENERAL INSURANCE COMPANY
GEORGE W ROGERS  (grogers@geico.com)
GOVERNMENT EMPLOYEES INSURANCE COMPANY
3535 WEST PIPKIN RD
LAKELAND FL 33811

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Alex Sink

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JUAN C. MONTES, ESQUIRE
145 EAST 49TH STREET
HIALEAH FL 33013

TSC

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MERLY NUÑEZ,
(Class Representative)

GENERAL JURISDICTION DIVISION
CASE NO.:

    Plaintiff,

v.

**0 9-7 8 3 7 5 CA 2 3**

GEICO GENERAL INSURANCE
COMPANY,

<u>CIVIL ACTION SUMMONS</u>

    Defendant.
                      /

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    YOU ARE HEREBY COMMANDED to serve this summons, a copy of the
Complaint in this action on Defendant:

            **GEICO GENERAL INSURANCE COMPANY**
By Serving:  KEVIN M. McCARTY, Insurance Commissioner
            Department of Insurance
            The Capitol
            Tallahassee, Florida 32314

    Each Defendant is required to serve written defenses to the Complaint on
Plaintiff's attorney, to wit:

            JUAN C. MONTES, ESQUIRE
            LIDSKY, VACCARO & MONTES
            ATTORNEYS AT LAW, P.A.
            145 East 49th Street
            Hialeah, Florida 33013
            TEL: (305) 822-2100

    Within 20 days after service of this summons on that defendant, exclusive of the
day of service and to file the original of the defenses with the Clerk of the Court either
before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the
complaint or petition.  **OCT 2 6 2009**

DATED ON _____, 20 _____.

            HARVEY RUVIN,
            as Clerk of said Court

                      CESAR HERNANDEZ

            By: _____
              As Deputy Clerk
              (Court Seal)

IN THE 11th JUDICIAL CIRCUIT COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

Case No:

MERLY NUÑEZ,
(Class Representative)

09-78375 CA 23

Plaintiff,

**CLASS ACTION COMPLAINT**

vs.

GEICO GENERAL INSURANCE
COMPANY,

Defendant.

_____/

     Plaintiff, MERLY NUÑEZ, by and through the undersigned counsel, sues Defendant, GEICO GENERAL INSURANCE COMPANY, and alleges:

**GENERAL ALLEGATIONS**

     1. This is a class action, brought pursuant to Fla.R.Civ. P. 1.220, in which the aggregate claims of the class members will be in excess of $15,000.

     2. Plaintiff, MERLY NUÑEZ ("NUÑEZ"), resides in Miami-Dade County, Florida.

     3. Defendant GEICO GENERAL INSURANCE COMPANY ("GEICO") is an insurance company engaged in the business of selling private passenger automobile insurance policies in Miami-Dade County and throughout the State of Florida. At all times material, GEICO is supposed to provide its insureds with the mandatory Personal Injury Protection (P.I.P.) coverage required under Florida law.

     4. On September 17, 2008, NUÑEZ was involved in a motor vehicle accident in which she suffered injuries.

     5. NUÑEZ was insured under an insurance policy with GEICO which provided for Personal Injury Protection (PIP) benefits. A copy of the policy and endorsements are attached as Exhibit A. Plaintiffs hereby incorporates the policy and its language by this reference.

     6. Professional Medical Building Group, Inc., Eiber Radiology, Inc. & Best American Diagnostic Center all provided NUÑEZ medical services to NUÑEZ as a result of the subject motor vehicle accident.

     7. NUÑEZ and/or her medical providers requested payment of the medical bills pursuant to the terms of the insurance policy and Florida law, specifically section 627.736, Fla. Stat.

8. GEICO maintains that its policy of insurance requires insureds to submit to one or more examinations under oath (EUO), if requested, and that failure to attend permits it to deny an insured his/her recovery of P.I.P. benefit under the policy.

9. GEICO maintains that NUÑEZ failed to appear at an EUO and that as a result, she is not entitled to coverage and payment of her medical bills under her the PIP provisions in her policy and Florida law.

10. Hence, GEICO determined it has no obligation to pay NUÑEZ's PIP benefits on account of the alleged failure to attend an EUO.

## CLASS REPRESENTATION ALLEGATIONS

11. Plaintiff brings this action according to the provisions of Fla.R.Civ.P. 1.220(b)(2) and 1.220(d)(4)(A).

### Class Definition

12. The class consists of all individuals and their assigns, eligible under Florida law to received PIP benefits under a policy issued by GEICO, where payment for PIP benefits was denied for an alleged failure to attend an examination under oath.

### NUMEROSITY

13. Plaintiffs submit there are in excess of 1000 class members as described above; their exact number and identities are presently unknown to Plaintiff, but are or may be known to Defendant. Thus, the class is so numerous that joinder of all members is impracticable.

### COMMONALITY

14. As part of its usual and customary practices and procedures, GEICO refuses the payment of PIP benefits under its policy for an insured's alleged failure to attend an EUO.

15. There are common questions of law and fact applicable to the class, e.g.: Whether GEICO's insurance policy requires the insured to attend an EUO as a condition to receipt of PIP benefits?; Whether the PIP statutes requires the insured to attend an EUO as a condition to receipt of PIP benefits?; Whether GEICO may deny payment of PIP benefits for an insured's alleged failure to attend an EUO?; Whether GEICO can unilaterally dictate the date, time, and/or location of an EUO, if it is permitted to do so at all?

### TYPICALITY

16. NUÑEZ's claim is typical of the claims of the class, and GEICO will have typical defenses to all of the claims.

MERLY NUÑEZ v. GEICO, Page 2 of 7

17. NUÑEZ, like all members of the class, sought payment of PIP benefits from GEICO, GEICO demanded that they attend one or more EUOs, and GEICO denied payment for PIP benefits for the insureds failure to attend one or more EUOs as an alleged condition to the payment of PIP benefits under its policy.

## ADEQUACY OF REPRESENTATION

### Class Representatives

18. NUÑEZ, as members of said class, will fairly and adequately protect the interests of the class. The interests of Plaintiff are coincident with and not antagonistic to the interests of the class.

19. NUÑEZ individually seeks precisely the same relief which will benefit the class—a determination that GEICO cannot condition the payment of PIP benefits on the attendance at an EUO by an insured.

20. NUÑEZ is willing to prosecute this case as a class action.

### Class Counsel

21. NUÑEZ has engaged competent counsel who will prosecute this case on behalf of her and on behalf of the class.

## MAINTAINABILITY

22. With respect to its company policies providing PIP coverage it issued, GEICO has acted on grounds generally applicable to all members of the class by requiring insureds to attend EUOs as a condition of payment of PIP benefits and denying payment of PIP benefits on said grounds, thereby making declaratory relief concerning the class as a whole appropriate to determine the following issues: Whether GEICO's insurance policy requires the insured to attend an EUO as a condition to receipt of PIP benefits?; Whether the PIP statutes requires the insured to attend an EUO as a condition to receipt of PIP benefits?; Whether GEICO may deny payment of PIP benefits for an insured's alleged failure to attend an EUO?; Whether GEICO can unilaterally dictate the date, time, and/or location of an EUO, if it is permitted to do so at all?.

## COUNT I
### [DECLARATION OF RIGHTS]
### (Whether Policy Requires PIP EUOs)

23. Plaintiffs sue GEICO and re-allege the general allegations of paragraphs 1 through 10 and the class representation allegations of paragraphs 11 though 23.

24. This is an action for a declaratory judgment, pursuant to Chapter 86 of the Florida Statutes, with respect to the construction of GEICO's insurance policy and the application of Florida PIP statutes.

MERLY NUÑEZ v. GEICO, Page 3 of 7

25. Particularly, Plaintiffs are in doubt as to whether under the terms of GEICO's insurance policy, it may require that insureds attend EUOs as a condition to the receipt of PIP benefits.

26. Plaintiffs contend that GEICO's policy language does not mandate that insureds attend EUOs as a condition of payment of PIP benefits or that PIP coverage/benefits can be denied for said reason.   Alternatively, Plaintiffs contend that GEICO's policy is confusing, contradictory, vague and/or ambiguous and thus, it must be uniformly interpreted in a manner which affords benefits to GEICO's insureds.

27. The facts necessary for this Honorable Court to render Plaintiffs' declaration of rights are set forth in this complaint or are ascertainable by this Honorable Court.

28. Plaintiffs' right to recovery under GEICO's policy of insurance is dependent on this Honorable Court's finding of facts and/or application of Florida law.

29. GEICO's interests in this declaration of rights are actual, present, adverse and antagonistic in fact and/or law to Plaintiffs' interests.

30. All parties whose interests are adverse and antagonistic are before this Honorable Court by proper process.

31.  Plaintiffs seek relief in order to enforce contractual and/or statutory rights, not to merely seek legal advice from this Honorable Court.

32. GEICO's conduct has caused Plaintiffs to retain the services of the undersigned attorneys to represent the Plaintiffs in this action; therefore, GEICO is responsible for statutory attorney's fees pursuant to Florida Statutes section 627.428 and 627.736, including any appropriate loadstar enhancement, to be deducted from Plaintiffs' obligation to its counsel.

WHEREFORE, Plaintiffs request that this Honorable Court take jurisdiction of the parties above, certify this matter as a class action, and grant the Plaintiffs the following relief:

.       Judgment that GEICO's insurance policy does not permit GEICO to condition payment of PIP benefits/PIP coverage on attendance at an EUO.

## COUNT II
## [DECLARATION OF RIGHTS]
### (Whether Statute Permits EUOs)

33. Plaintiffs sue GEICO and re-allege the general allegations of paragraphs 1 through 10 and the class representation allegations of paragraphs 11 though 22.

34. This is an action for a declaratory judgment, pursuant to Chapter 86 of the Florida Statutes, with respect to the meaning of Florida's PIP Statute, §627.736.

35.   Particularly, Plaintiffs are in doubt as to whether, according to Florida Statute §627.736, GEICO can require that an insured attend an EUO, as a condition to the payment of PIP benefits.

36.   Plaintiffs contend that GEICO cannot condition payment of PIP benefits/PIP coverage upon attendance at an EUO. GEICO maintains otherwise.

37.   The facts necessary for this Honorable Court to render Plaintiffs' declaration of rights are set forth in this complaint or are ascertainable by this Honorable Court.

38.   Plaintiff' right to recovery under GEICO's policy of insurance is dependent on this Honorable Court's finding of facts and/or application of Florida law.

39.   Defendant's interests in this declaration of rights are actual, present, adverse and antagonistic in fact and/or law to Plaintiffs' interests.

40.   All parties whose interests are adverse and antagonistic are before this Honorable Court by proper process.

41.   Plaintiffs seek relief in order to enforce contractual and/or statutory rights, not to merely seek legal advice from this Honorable Court.

42.   GEICO's conduct has caused Plaintiffs to retain the services of the undersigned attorneys to represent the Plaintiffs in this action; therefore, GEICO is responsible for statutory attorney's fees pursuant to Florida Statutes section 627.428 and 627.736, including any appropriate loadstar enhancement, to be deducted from Plaintiffs' obligation to its counsel.

WHEREFORE, Plaintiffs request that this Honorable Court take jurisdiction of the parties above, certify this matter as a class action, and grant Plaintiffs the following relief:

> Judgment that Florida Statutes §627.736 does not permit GEICO to condition payment of PIP benefits/PIP coverage on attendance at an EUO;

## COUNT III
### [DECLARATION OF RIGHTS]
#### (Whether Insurer Can Unilaterally Set the Date, Time and Location of EUO)

43.   Plaintiffs sue GEICO and re-allege the general allegations of paragraphs 1 through 10 and the class representation allegations of paragraphs 11 though 23.

44.   This is an action for a declaratory judgment, pursuant to Chapter 86 of the Florida Statutes, with respect to the construction of an insurance policy and the meaning of Florida's PIP Statute, §627.736.

45.   Particularly, assuming this Court determines that GEICO has a right to take an EUO as

MERLY NUÑEZ v. GEICO, Page 5 of 7

a condition to the payment of PIP benefits/PIP coverage, Plaintiffs have a doubt as to whether GEICO can unilaterally set the date, time, and location of the EUO.

46.   Plaintiffs contend that GEICO unilaterally sets the date, time and locations of EUOs for its own convenience to discourage attendance at EUOs in order to create a reason to deny payment on the claim. NUÑEZ asserts GEICO did so to her and to the members of the class.

47.   The facts necessary for this Honorable Court to render Plaintiffs' declaration of rights are set forth in this complaint or are ascertainable by this Honorable Court.

48.   Plaintiffs' right to recovery under GEICO's policy of insurance is dependent on this Honorable Court's finding of facts and/or application of Florida Law.

49.   GEICO's interests in this declaration of rights are actual, present, adverse and antagonistic in fact and/or law to Plaintiff' interests.

ñ     50.   All parties whose interests are adverse and antagonistic are before this Honorable Court by proper process.

51.   Plaintiffs seek relief in order to enforce contractual and/or statutory rights, not to merely seek legal advice from this Honorable Court.

52.   GEICO's conduct has caused Plaintiffs to retain the services of the undersigned attorneys to represent the Plaintiffs in this action; therefore, GEICO is responsible for statutory attorney's fees pursuant to Florida Statutes section 627.428 and 627.736, including any appropriate loadstar enhancement, to be deducted from Plaintiffs' obligation to its counsel.

WHEREFORE, Plaintiffs request that this Honorable Court take jurisdiction of the parties above, certify this matter as a class action, and grant Plaintiffs the following relief:

> (A)   Judgment that the policy of insurance and §627.736 docs not permit GEICO to unilaterally set the date, time an location of EUOs, (if they are permitted); and
>
> (B)   That a failure to attend a unilaterally set EUO, cannot is an insufficient basis to deny PIP benefits under the policy of insurance.

## COUNT IV
## [BREACH OF CONTRACT]

53.   Plaintiffs sue GEICO and re-allege the general allegations of paragraphs 1 through 10 and the class representation allegations of paragraphs 11 though 22.

54.   Plaintiffs have entered into insurance policies/contracts with GEICO which provide coverage for Personal Injury Protection (PIP) benefits pursuant to the Florida PIP statutory scheme, in particular section 627.736, Fla. Stat. Attached as Exhibit A is a representative copy of the terms of the policy which was issued to NUÑEZ. The relevant policy terms for all the class members are

MERLY NUÑEZ v. GEICO, Page 6 of 7

essentially the same. Alternatively, under operation of law, all policies must offer the same minimum coverage and protection to the insureds.

55. Plaintiffs submitted claims under the PIP coverage of policies with GEICO for payment.

56. GEICO refused payment and denied coverage on Plaintiffs claims because it asserts that Plaintiffs did not attend one or more scheduled EUOs.

57. GEICO's non-payment to the Plaintiffs for this reason constitutes a breach of the policy of insurance and Florida law.

58. As a result of the breach, the Plaintiffs PIP benefits were not paid and Plaintiffs have been damaged.

59. GEICO's conduct has caused Plaintiffs to retain the services of the undersigned attorneys to represent the Plaintiffs in this action; therefore, GEICO is responsible for statutory attorney's fees pursuant to Florida Statutes section 627.428 and 627.736, including any appropriate loadstar enhancement, to be deducted from Plaintiffs' obligation to its counsel.

WHEREFORE, Plaintiff requests that this Honorable Court grant damages to all class members and all other relief this Court deems proper.

## JURY TRIAL DEMAND

60. Plaintiffs demand trial by jury on all issues which may be tried to a jury.

## REQUEST FOR ATTORNEYS' FEES

61. Plaintiffs demand attorneys' fees and costs as pled for in all counts above.

Respectfully submitted,

LIDSKY, VACCARO, MONTES & MARTINEZ
ATTORNEYS AT LAW, P.A.

BY: _____
JUAN C. MONTES, ESQ.
Attorney for Plaintiff
145 E. 49th Street
Hialeah, Florida 33013
Telephone: (305) 822-2100
Florida Bar No.: 031313

MERLY NUÑEZ v. GEICO, Page 7 of 7



**GEICO®**

- Government Employees Insurance Company
- GEICO General Insurance Company
- GEICO Indemnity Company
- GEICO Casualty Company

Florida Claims ■ P.O. Box 9091 ■ Macon, GA 31208-9091

**Policyholder: Merly Nunez**

**Claim Number: 033933413-0101-020**

**Client: Merly Nunez**

**Loss Date: 09/17/2008**

Per your request, please find enclosed the following:

____ PIP pay-out record for _____ in reference to above captioned loss

____ Affidavit of Coverage in effect for the above loss date

____ Uninsured Motorist selection form in effect for the above loss date

_X_ A Certified Copy of the policy issued to _____

____ Other_____

Feel free to contact me at the telephone number listed below if you have any questions.

Sincerely,

Oscar Muriel
Claims Adjuster
1-800-648-2493 Ext. 4729



# CERTIFIED COVER SHEET

CLAIM NUMBER:   033933413 0101 020                    **DOL: 09/17/08**
ADJUSTER:           F823L

POLICYHOLDER:   NUNEZ
POLICY NUMBER:  **4118-41-88-56**

---

**DATE ISSUED:**           **05/23/08**

**PROCESS DATE:**          **05/22/08**
**EFFECTIVE DATE:**        **07/06/08**

**POLICY TERM:**    **07/06/08  TO  01/06/09**

---

**GG**
A70FL  (2/98) EFF 7/6/98

---

A200FL (12/02)

A54FL (01/08) EFF 03/28/08 (R)

---

A431 08/06 (EFF 02/15/07)

UE316 04/85

NOTES:

J MCMURRAY                              DATE REQUESTED:  **04/22/09**
                                        DATE PROCESSED:  **04/24/09**

# A F F I D A V I T

I, J. McMurray, Claims Coverage Underwriter of Geico General Insurance Company a corporation organized and existing under the laws of the state of Maryland, do hereby certify that the attached Policy Declaration sheet was printed from records retained in our computer data files. The specimen amendments, endorsements, and policy contract are standard forms with information particular to this policy. Attached is a copy of the policy contract number 4118-41-88-56 issued 05/23/08 in the name of JOSE L NUNEZ AND MERLY J NUNEZ for Renewal processed on 05/22/08 effective 07/06/08, and in effect on 09/17/08, the date of loss.


_____

J. McMurray
Claims Coverage Underwriter

In the State of Florida, County of Polk, the foregoing instrument was subscribed and sworn before me this 24th day of April , 2009, by J. McMurray who is personally known to me or has produced a driver's license for identification.

_____

Notary Public



SANDRA KAY GIBBS
MY COMMISSION # DD767267
EXPIRES March 11, 2012
(407) 398-0153    FloridaNotaryService.com

# GEICO

**geico.com**

TEL: 1-800-841

U-31-DP-4 (7-07)

## Policy Number: 4118-41-88-56

GEICO GENERAL INSURANCE COMPANY
ONE GEICO PLAZA, WASHINGTON, DC 20076-0001

FAMILY AUTOMOBILE POLICY RENEWAL DECLARATIONS          This is a description of your coverage. Please keep for your records

Item 1:  Named Insured and Address
JOSE L NUNEZ AND MERLY J NUNEZ
PO BOX 22382
HIALEAH FL  33002-2382

E-Mail Address: nyprncezz24@yahoo.com

| | | |
|---|---|---|
| **Date  Issued:**   05-23-08 | | |
| Policy Period From   07-06-08 | to   01-06-09 | 12:01 a.m. Local time at the address of the named insured. |

The insured vehicle(s) will be regularly garaged in the town and state shown in Item 1, except as noted in the Vehicle Segment.

**Contract Type:**  A70FL

CONTRACT AMENDMENTS:     ALL VEHICLES - A200FL A54FL A70FL

UNIT ENDORSEMENTS:       A431 (VEH 1); UE316 (VEH 1)

## IMPORTANT MESSAGES

-Please review the reverse side of this page for coverage and discount information.

-Active Duty, Guard, Reserve or Retired Military: Call 1-800-MILITARY to see if you qualify for the Military
 Discount.

-Special 50+ rating applies.

-Congratulations!  Your policy has been issued with our Prime Time Contract that contains a lifetime renewal
 guarantee provision.  Please review your policy contract for specific exceptions to this guarantee.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned auto, including
 equipment, furnishings or finishings including paint, if the existence of those options has not been previously
 reported to us. Please call us at 1-800-841-3000 if you have any questions or wish to purchase additional
 coverage for customized equipment not included above.

-This policy includes an emergency assessment for the Florida Hurricane Catastrophe Fund in the amount of
 $12.71. This assessment has been mandated by the Florida State Board of Administration. The state has required
 that this assessment be collected directly from policyholders.

-Confirmation of coverage has been sent to your lienholder and/or additional insured.

Countersigned by Authorized Representative

*E.E. Aerold*

GEICO GENERAL INSURANCE COMPANY

U-31-DP-20 (7-92)

| Date Issued: 05-23-08 | T-6 | | Policy | nber: 4118-41-88-56 |
|---|---|---|---|---|

| VEHICLE | | | RATED LOCATION | CLASS |
|---|---|---|---|---|
| 1 08 | HONDA | JHMCP26828C028716 | HIALEAH FL 33012 | A -M -50-64 -S |
| 2 98 | HYUNDAI | KMHJF24M1WU733912 | HIALEAH FL 33012 | A -N -50-64 A |
| 3 87 | HONDA | JHMCA5638HC005545 | HIALEAH FL 33012 | A -N -50-64 A |

| COVERAGES<br>Coverage applies where a premium or 0.00 is shown for the vehicle. | LIMITS OR<br>DEDUCTIBLES | Vehicle 1 | PREMIUMS<br>Vehicle 2 | Vehicle 3 |
|---|---|---|---|---|
| BODILY INJURY LIABILITY<br>  EACH PERSON/EACH OCCURRENCE | $10,000/$20,000 | 80.20 | 53.40 | 53.40 |
| PROPERTY DAMAGE LIABILITY | $10,000 | 79.80 | 55.90 | 55.90 |
| PERSONAL INJURY PROTECTION | $500 DED/INSD&REL | 181.50 | 128.40 | 214.00 |
| UNINSURED MOTORIST/STACKED<br>  EACH PERSON/EACH OCCURRENCE | INSURED REJECTS | | | |
| COMPREHENSIVE | $500 DED | 111.60 | | |
| COLLISION | $500 DED | 247.40 | | |
| RENTAL REIMBURSEMENT | $20 PER DAY<br>$600 MAX | 9.20 | | |

| SIX MONTH PREMIUM PER VEHICLE: | $ 709.70 | $ 237.70 | $ 323.30 |
|---|---|---|---|

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

**Premiums for these vehicles are based on the following Discounts and/or Surcharges:**

DISCOUNTS    NEW CAR (VEH 1); SEATBELT (VEH 1,2,3);
             MULTI-CAR (VEH 1,2,3); ANTI-LOCK BRAKES (VEH 1);
             ANTI-THEFT DEVICE (VEH 1); 5 YEAR GOOD DRIVING (VEH 1,2,3);
             PASSIVE RESTRAINT/AIR BAG (VEH 1,2)

| **Lienholder Vehicle 1** | **Lienholder Vehicle** | **Lienholder Vehicle** |
|---|---|---|
| AMERICAN HONDA FINANCE | | |

# GEICO

Policy Number:

# Automobile Policy Amendment

## Glass Repair/Replacement

*Your* policy is amended as follows:

SECTION III - Physical Damage Coverages

LIMIT OF LIABILITY

The following numbered paragraph is added.

6.    for glass repair or replacement, is not to exceed the prevailing competitive price. This is the price we can secure from a competent glass repair facility conveniently located to *you* at the time *you* make *your* claim. Although *you* have the right to choose any glass repair facility or location, the limit of liability for *loss* to window glass is the cost to:

    (a)   repair; or
    (b)   replace

such glass but will not exceed the prevailing competitive price. If the glass is replaced, then the cost will be paid at the prevailing competitive price for replacement. At *your* request, we will identify a glass repair facility that will perform the repairs at the prevailing competitive price.

We affirm this amendment:

J. C. Stewart
    Secretary

    •    GOVERNMENT EMPLOYEES INSURANCE COMPANY
           GEICO GENERAL INSURANCE COMPANY    •

O. M. Nicely
President

A-200-FL (12-02)

SPECIMEN

# GEICO

**Automobile Policy Amendment**

Policy Number:                          **Florida**

*Your* policy is amended as follows:

Section II - Personal Injury Protection and Automobile Medical Payments is replaced in its entirety with the following:

## SECTION II: PART I -PERSONAL INJURY PROTECTION AND PART IV-AUTOMOBILE MEDICAL PAYMENTS

[Automobile Medical Payments Coverage applies only if a premium amount is shown in the Policy Declarations for "Medical Payments" coverage]

### PART I - PERSONAL INJURY PROTECTION

### DEFINITIONS

The definitions of the terms *insured* and *you* under Section I apply to Section II also.

1. ***Bodily injury*** means bodily injury to a person, caused by accident, including resulting sickness, disease or death resulting therefrom. All claims for damages arising from ***bodily injury*** to a person from a single loss shall be considered one ***bodily injury***.

2. ***Insured motor vehicle*** means a ***motor vehicle***:
   (a) Of which *you* are the *owner*; and
   (b) With respect to which security is required to be maintained under the Florida Motor Vehicle No-Fault Law; and
   (c) For which a premium is charged, or which is a trailer, other than a mobile home, designed for use with a ***motor vehicle***.

3. ***Medical expenses*** means reasonable expenses for ***medically necessary*** medical, surgical, x-ray, dental, ambulance, hospital, professional nursing and rehabilitative services for prosthetic devices and for necessary remedial treatment and services recognized and permitted under the laws of the state for an injured person.

4. ***Medically necessary*** refers to a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing, or treating an illness, injury, disease, or symptom in a manner that is:
   (a) In accordance with generally accepted standards of medical practice;
   (b) Clinically appropriate in terms of type, frequency, extent, site, and duration, and
   (c) Not primarily for the convenience of the patient, physician, or other health care provider.

5. ***Motor vehicle*** means any self-propelled vehicle of four or more wheels which is of a type both designed and required to be licensed for use on the highways of Florida and any trailer or semi-trailer designed for use with such vehicle.

   A ***motor vehicle*** does not include:
   (a) Any ***motor vehicle*** which is used in mass transit other than public school transportation and designed to transport more than five passengers exclusive of the operator of the ***motor vehicle*** and which is owned by a municipality, a transit authority, or a political subdivision of the state; or
   (b) A mobile home.

6. ***Occupying*** means in or upon or entering into or alighting from;

7. ***Owner*** means a person or organization who holds the legal title to a ***motor vehicle***, and also includes:
   (a) A debtor having the right to possession, in the event a ***motor vehicle*** is the subject of a security agreement, and
   (b) A lessee having the right to possession, in the event a ***motor vehicle*** is the subject of a lease with option to purchase and such lease agreement is for a period of six months or more, and
   (c) A lessee having the right to possession, in the event a ***motor vehicle*** is the subject of a lease without option to purchase, and such lease agreement is for a period of six months or more, and the lease agreement provides that the lessee shall be responsible for securing insurance;

8. ***Pedestrian*** means a person while not an occupant of any self-propelled vehicle;

9. ***Relative*** means a person related to *you* by blood, marriage or adoption (including a ward or foster child) who is usually a resident of the same household as *you*;

10. ***Replacement services expenses*** means with respect to the period of disability of the injured person all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for such injury, the injured person would have performed without income for the benefit of his household;

11. ***Work loss*** means with respect to the period of disability of the injured person, any loss of income and earning capacity from inability to work proximately caused by the injury sustained by the injured person.

A-54FL (01-08)                                                      SPECIMEN   Page 1 of 6

## PAYMENTS WE WILL MAKE

Under Personal Injury Protection, the Company will pay, in accordance with, and subject to the terms, conditions, and exclusions of the Florida Motor Vehicle No-Fault Law, as amended, to or for the benefit of the injured person:

    (a) 80% of *medical expenses*; and

    (b) 60% of *work loss*; and

    (c) *Replacement services expenses*; and

    (d) Death benefits.

The above benefits will be provided for injuries incurred as a result of *bodily injury*, caused by an accident arising out of the ownership, maintenance or use of a *motor vehicle* and sustained by:

    (1) *You* or any *relative* while *occupying* a *motor vehicle* or, while a *pedestrian* through being struck by a *motor vehicle*; or

    (2) Any other person while *occupying* the *insured motor vehicle* or, while a *pedestrian*, through being struck by the *insured motor vehicle*.

## EXCLUSIONS

Section II - Part 1 does not apply:

1. To *you* or any *relative* injured while *occupying* any *motor vehicle* owned by *you* and which is not an *insured motor vehicle* under this insurance;

2. To any person while operating the *insured motor vehicle* without *your* express or implied consent;

3. To any person, if such person's conduct contributed to his *bodily injury* under any of the following circumstances:

    (i) Causing *bodily injury* to himself intentionally;

    (ii) While committing a felony;

4. To *you* or any dependent *relative* for *work loss* if an entry in the schedule or declarations indicates such coverage does not apply;

5. To any *pedestrian*, other than *you* or any *relative*, not a legal resident of the State of Florida;

6. To any person, other than *you*, if such person is the *owner* of a *motor vehicle* with respect to which security is required under the Florida Motor Vehicle No-Fault law, as amended;

7. To any person, other than *you* or any *relative*, who is entitled to personal injury protection benefits from the *owner* or *owners* of a *motor vehicle* which is not an *insured motor vehicle* under this insurance or from the *owner's* insurer; or

8. To any person who sustains *bodily injury* while *occupying* a *motor vehicle* located for use as a residence or premises.

## LIMIT OF LIABILITY; APPLICATION OF DEDUCTIBLE; OTHER INSURANCE

Regardless of the number of persons insured, policies or bonds applicable, vehicles involved or claims made, the total aggregate limit of personal injury protection benefits available under the Florida Motor Vehicle No-Fault Law, as amended, from all sources combined, including this policy, for all loss and expense incurred by or on behalf of any one person who sustains *bodily injury* as the result of any one accident shall be $10,000; provided that payment for death benefits included in the foregoing shall be equal to the lesser of $5,000 or the remainder of unused personal injury protection benefits per individual.

After the deductible is met, each *insured* is eligible to receive up to $10,000 in total benefits described. The amount of any deductible stated in the declarations shall be deducted from all expenses or losses as described in FL Stat. § 627.736 with respect to all *medical expenses*, *replacement services expenses* and *work loss* incurred by or on behalf of each person to whom the deductible applies and who sustains *bodily injury* as the result of any one accident. Such deductible will not apply to the death benefit.

Any amount available for payment under this insurance shall be reduced by the amount of benefits an injured person has recovered for the same elements of loss under the workmen's compensation laws of any state or the federal government.

If benefits have been received under the Florida Motor Vehicle No-Fault Law, as amended, from any insurer for the same items of loss and expense for which benefits are available under this policy, we shall not be liable to make duplicate payments to or for the benefit of the injured person, but the insurer paying such benefits shall be entitled to recover from us its equitable pro rata share of the benefits paid and expenses incurred in processing the claim.

## POLICY PERIOD - TERRITORY

The insurance under this Section applies only to accidents which occur during the policy period:

(a) In the State of Florida;

(b) As respects *you* or a *relative*, while *occupying* the *insured motor vehicle* outside the State of Florida but within the United States of America, its territories or possessions or Canada; and

(c) As respects *pedestrians* injured when struck by the *insured motor vehicle* in the State of Florida, if they are not the *owner* of a *motor vehicle* for which coverage is required to be maintained under the Florida No-Fault Law.

CONDITIONS

1. NOTICE

In the event of an accident, written notice of the loss must be given to us or any of our authorized agents as soon as practicable. If any injured person or his legal representatives shall institute legal action to recover damages for **bodily injury** against a third party, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded as soon as practicable to us by such injured person or his legal representative.

2. ACTION AGAINST THE COMPANY

No action shall lie against us unless, as a condition precedent thereto, there shall have been full compliance with all terms of this insurance, and in accordance with, and subject to the terms, conditions, and exclusions of, the Florida Motor Vehicle No-Fault Law, as amended.

3. PROOF OF CLAIM; MEDICAL REPORTS AND EXAMINATIONS; PAYMENT OF CLAIM WITHHELD

As soon as practicable the person making the claim shall give to us written proof of claim, under oath if required, which may include full particulars of the nature and extent of the injuries and treatment received and contemplated, and such other information as may assist us in determining the amount due and payable. Such person shall submit to mental or physical examinations at our expense when and as often as we may reasonably require and a copy of the medical report shall be forwarded to such person if requested. Such examinations shall be conducted within the municipality where the **insured** is receiving treatment, or in a location reasonably accessible to the **insured**, which, for purposes of this paragraph, means any location within the municipality in which the **insured** resides, or any location within 10 miles by road of the **insured's** residence, provided such location is within the county in which the **insured** resides. If the person unreasonably refuses to submit to an examination, we will not be liable for subsequent personal injury protection benefits.

Whenever a person making a claim is charged with committing a felony, we shall withhold benefits until; at the trial level, the prosecution makes a formal entry on the record that it will not prosecute the case against the person, the charge is dismissed or the person is acquitted.

4. REIMBURSEMENT AND SUBROGATION

In the event of payment to or for the benefits of any injured person under this insurance:

(a) The Company is subrogated to the rights of the person to whom or for whose benefit such payments were made to the extent of such payments. Such person shall execute and deliver the instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.

(b) The Company providing personal injury protection benefits on a private passenger motor vehicle, as defined in the Florida Motor Vehicle No-Fault Law, shall be entitled to reimbursement to the extent of the payment of personal injury protection benefits from the **owner** or insurer of the **owner** of a commercial motor vehicle, as defined in the Florida Motor Vehicle No-Fault Law, if such injured person sustained the injury while **occupying**, or while a **pedestrian** through being struck by, such commercial motor vehicle.

5. SPECIAL PROVISION FOR RENTED OR LEASED VEHICLES

Notwithstanding any provision of this coverage to the contrary, if a person is injured while **occupying**, or through being struck by, a **motor vehicle** rented or leased under a rental or lease agreement, within the state of Florida, which does not specify otherwise in at least 10 point type on the face of such agreement, the personal injury protection coverage afforded under the lessor's policy shall be primary. Personal injury protection coverage offered under this policy will not apply to a vehicle rented, operated, used, or leased outside the state of Florida.

PART II - MODIFICATION OF POLICY COVERAGES

Any Automobile Medical Payments insurance, any Uninsured Motorists coverage or any excess Underinsured Motorists coverage afforded by the policy shall be excess over any Personal Injury Protection benefits paid or available for payment or which would be available but for the application of a deductible.

Regardless of whether the full amount of Personal Injury Protection benefits have been exhausted, any Medical Payments insurance afforded by this policy shall pay the portion of any claim for Personal Injury Protection **medical expenses** which are otherwise covered but not available for payment due to the limitation of 80% of **medical expenses** contained in Part I but shall not be payable for the amount of the deductible selected.

PART III - PROVISIONAL PREMIUM

It is agreed that in the event of any change in the rules, rates, rating plan, premiums or minimum premiums applicable to the insurance afforded, because of an adverse judicial finding as to the constitutionality of any provisions of the Florida Motor Vehicle No-Fault Law, as amended, providing for the exemption of persons from tort liability, the premium stated in the declarations for any Liability, Medical Payments and Uninsured Motorists insurance shall be deemed provisional and subject to recomputation. If this policy is a renewal policy, such recomputation shall also include a determination of the amount of any return premium previously credited or refunded to the named insured pursuant to the Florida Motor Vehicle No-Fault Law, as amended, with respect to insurance afforded under a previous policy.

If the final premium thus recomputed exceeds the premium stated in the declarations, the insured shall pay to the Company the excess as well as the amount of any return premium previously credited or refunded.

## PART IV - AUTOMOBILE MEDICAL PAYMENTS COVERAGE

(Automobile Medical Payments coverage applies only if a premium amount is shown in the Policy Declarations for "Medical Payments" coverage)

### DEFINITIONS

The definitions of the terms *insured* and *you* under Section I apply to Section II - Part IV also. The definitions under Section II - Part I also apply to Section II - Part IV.

### PAYMENTS WE WILL MAKE

Under Automobile Medical Payments coverage, the Company will pay benefits for injuries incurred as a result of *bodily injury*, caused by an accident arising out of the ownership, maintenance or use of a *motor vehicle* and sustained by:

   (1) *You* or any *relative* while *occupying* a *motor vehicle* or, while a *pedestrian* through being struck by a *motor vehicle*; or

   (2) Any other occupants of the *insured motor vehicle* injured in an accident that occurs outside the state of Florida, but within the United States of America, its territories or possessions, or Canada.

   In addition, we will pay, subject to the coverage limit:

   (a) The portion of any claim for Personal Injury Protection medical expense benefits otherwise covered but not payable due to the coinsurance provision of the Personal Injury Protection coverage. This is the 20% of *medical expenses* not covered in Part I - Payments We Will Make, item (a);

   (b) Your *medical expenses* incurred that exceed the Personal Injury Protection medical expense coverage limit; and

   (c) *Medical expenses* incurred by *you* or any *relative* that result from injuries received while *occupying* a *motor vehicle* or as a *pedestrian* in an accident that occurs outside the state of Florida, but within the United States of America, its territories or possessions, or Canada.

### EXCLUSIONS

Automobile Medical Payments coverage does not apply:

1. To *you* or any *relative* injured while *occupying* any *motor vehicle* owned by *you* and which is not an *insured motor vehicle* under this insurance;

2. To any person while operating the *insured motor vehicle* without *your* express or implied consent;

3. To any person, if such person's conduct contributed to his *bodily injury* under any of the following circumstances:
   (i) Causing *bodily injury* to himself intentionally;
   (ii) While committing a felony;

4. To any *pedestrian*, other than *you* or any *relative*; or

5. To any person who sustains *bodily injury* while *occupying* a *motor vehicle* located for use as a residence or premises.

### LIMIT OF LIABILITY

Regardless of the number of persons insured, policies or bonds applicable, vehicles involved or claims made, the total aggregate limit of Automobile Medical Payments benefits available from all sources combined, including this policy, for all loss and expense incurred by or on behalf of any one person who sustains *bodily injury* as the result of any one accident is the amount listed in the declarations page.

### OTHER INSURANCE

Any amount available for payment under this insurance shall be reduced by the amount of benefits an injured person has recovered for the same elements of loss under the workmen's compensation laws of any state or the federal government.

If benefits have been received under any similar coverage from any insurer for the same items of loss and expense for which benefits are available under this policy, we shall not be liable to make duplicate payments to or for the benefit of the injured person, but the insurer paying such benefits shall be entitled to recover from us its equitable pro rata share of the benefits paid and expenses incurred in processing the claim. This coverage will coordinate with any applicable Personal Injury Protection benefits but will not duplicate any benefits available for payment.

Any Uninsured Motorists coverage or any excess Underinsured Motorists coverage afforded by the policy shall be excess over any Automobile Medical Payments benefits paid or available for payment or which would be available but for the application of a deductible; and subject to the terms and conditions of the Uninsured/Underinsured Motorist coverage.

POLICY PERIOD · TERRITORY

The insurance under this Section applies only to accidents which occur during the policy period:

(a) In the State of Florida,

(b) As respects *you* or a *relative*, while *occupying* the *insured motor vehicle* outside the State of·Florida but within the United States of America, its territories or possessions or Canada; and

(c) We will cover *you* or any *relative* for injuries incurred while *occupying* a *motor vehicle* or as a *pedestrian* in an accident that occurs outside the state of Florida, but within the United States of America, its territories or possessions, or Canada. This coverage is excess over any other valid and collectible insurance provided with respect to the occupied *motor vehicle*.

(d) We will cover occupants of the *insured motor vehicle* injured in an accident that occurs outside the state of Florida, but within the United States of America, its territories or possessions, or Canada.

CONDITIONS

1. NOTICE

In the event of an accident, written notice of the loss must be given to us or any of our authorized agents as soon as practicable, If any injured person or his legal representatives shall institute legal action to recover damages for *bodily injury* against a third party, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded as soon as practicable to us by such injured person or his legal representative

2. ACTION AGAINST THE COMPANY

No action shall lie against us unless, as a condition precedent thereto, there shall have been full compliance with all terms of this insurance

3. PROOF OF CLAIM; MEDICAL REPORTS AND EXAMINATIONS; PAYMENT OF CLAIM WITHHELD

As soon as practicable the person making the claim shall give to us written proof of claim, under oath if required, which may include full particulars of the nature and extent of the injuries and treatment received and contemplated, and such other information as may assist us in determining the amount due and payable. Such person shall submit to mental or physical examinations at our expense when and as often as we may reasonably require and a copy of the medical report shall be forwarded to such person if requested. Such examinations shall be conducted within the municipality where the *insured* is receiving treatment, or in a location reasonably accessible to the *insured*, which, for purposes of this paragraph, means any location within the municipality in which the *insured* resides, or any location within 10 miles by road of the *insured's* residence, provided such location is within the county in which the *insured* resides. If the person unreasonably refuses to submit to an examination, we will not be liable for subsequent automobile medical payment benefits.

Whenever a person making a claim is charged with committing a felony, we shall withhold benefits until, at the trial level, the prosecution makes a formal entry on the record that it will not prosecute the case against the person, the charge is dismissed or the person is acquitted.

We also have the right to determine if incurred charges and treatment are reasonable, *medically necessary* and causally related to a *bodily injury* sustained in an accident. This determination may be made by use of utilization review, peer reviews, medical bill reviews or medical examination.

4. SUBROGATION

In the event of payment to or for the benefits of any injured·person under this insurance the Company is subrogated to the rights of the person to whom or for whose benefit such payments were made to the extent of such payments. Such person shall execute and deliver the instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.

SPECIMEN

SECTION IV - UNINSURED MOTORISTS COVERAGE

DEFINITIONS

Under what the term *"uninsured auto"* does not include, subparagraph (b) is deleted.

LOSSES WE PAY

The following sentence is added to the first paragraph:

> However, we will not pay damages for: (a) pain; (b) suffering; (c) mental anguish; or (d) inconvenience unless the *bodily injury* consists in whole or in part of:
>
> (a)  Significant and permanent loss of an important bodily function; or
> (b)  Permanent injury within a reasonable degree of medical probability, or
> (c)  Significant and permanent scarring or disfigurement; or
> (d)  Death.

The second paragraph is deleted.

EXCLUSIONS

Exclusion 5. is deleted.


We affirm this amendment.


J. C. Stewart
Secretary

O. M. Nicely
President

# GEICO

**AUTOMOBILE POLICY AMENDMENT**

RENTAL REIMBURSEMENT AMENDMENT

Policy Number:

We agree with you that the policy is amended as follows:

SECTION III - PHYSICAL DAMAGE COVERAGES

The following coverage is added:

### Coverage-Rental Reimbursement

When there is a *loss* to an *owned auto* for which a specific premium charge indicates that rental reimbursement coverage is afforded:

We will reimburse the *insured* toward costs the *insured* incurs to rent an auto.  Reimbursement will not exceed the limits described in the declarations and payment will be limited to a reasonable and necessary period of time required to repair or replace the *owned auto*. This coverage applies only if:

1.  The *owned auto* is withdrawn from use for more than 24 consecutive hours, and
2.  The *loss* to the *owned auto* is covered under comprehensive or collision coverage of this policy.

When there is a total theft of the entire auto, we will reimburse the *insured* toward costs the *insured* incurs to rent an auto, subject to the following limitations:

1.  This coverage will reimburse the *insured* for reasonable rental expenses beginning 48 hours after a theft of the entire vehicle covered under the comprehensive coverage of this policy; and
2.  This coverage may be used to reimburse reasonable rental expenses in excess of those provided by Section III of the policy if and to the extent the coverage limits under rental reimbursement exceed those provided in Section III of the policy  In that event, the amount payable under this amendment is the amount by which this coverage exceeds those described in Section III of the policy; and
3.  Subject to number 2 above, in no event shall the total amount payable under both this coverage and the supplemental coverage in Section III of the policy exceed the daily limit of coverage provided by this amendment.

Reimbursement for rental charges shall end the earliest of when the *owned auto* has been:

1.  Returned to *you;*
2.  Repaired;
3.  Replaced; or
4.  If the *owned auto* is deemed by us to be a total loss, then seventy two (72) hours after we pay the applicable limit of liability under Section III

No deductible applies to this coverage.

The coverage provided by this amendment is subject to all the provisions and conditions of SECTION III of the policy.

The COMPANY affirms this amendment.


W. C. E. Robinson
Secretary

O. M. Nicely
President

A-431 (08-06)

SPECIMEN

# ENDORSEMENT

## LOSS PAYABLE CLAUSE

The Policy Number and Effective Date need be completed only when this endorsement is issued subsequent to preparation of the policy.

Policy Number:

Effective Date:

Any claim under the Physical Damage Coverages of the policy will be paid jointly to the *insured* and the Lienholder in the Declarations.

The Lienholder must notify us if he becomes aware of any increased hazard or change of ownership of the auto or he will lose all of his rights under this policy.

If the *insured* fails to file with us a Proof of *Loss* within 91 days after the loss, the Lienholder must do so within the following 60 days. The policy provisions on time of payment, appraisal and the right to sue us applies both to the Lienholder and the *insured*. We may settle a claim at our option by separate payment to the insured and the Lienholder.

Whenever we pay the Lienholder, we shall be subrogated to the Lienholder's rights of recovery to the extent of the payment. If the policy is in effect as to the Lienholder but has been canceled as to the *insured*, the Lienholder must assign the loan to us if we ask and we pay the full amount due.

We will mail notice to the Lienholder at least 10 days before we cancel his interest in the policy.

This endorsement forms a part of your policy.  It is effective at 12:01 A.M.  local time at your address on the effective date shown above.

### RETAIN THIS COPY FOR YOUR RECORDS

_____

Countersigned by Authorized Representative

UE-316 (4-85)

SPECIMEN



**GEICO**
ONE GEICO PLAZA
Washington, D. C. 20076-0001
Telephone: 1-800-841-3000

# Florida
# Family
# Automobile
# Insurance
# Policy

- Government Employees Insurance Company
- GEICO General Insurance Company

SPECIMEN

A-70FL (2-98)

# YOUR POLICY INDEX

Page

SECTION I - Liability Coverages
Your Protection Against Claims From Others

Definitions..................................................3
Losses We Will Pay For You ......................3
Additional Payments We Will Make Under
   The Liability Coverages.........................3
      Legal Expenses And Court Costs
      Bail And Appeal Bonds
      First Aid Expenses
Exclusions: When Section I Does Not Apply ...........4
Persons Insured:  Who Is Covered ...............4
Financial Responsibility Laws ...................5
Limits Of Liability ..................................5
Other Insurance ....................................5
Conditions...............................................5
      Notice
      Two Or More Autos
      Assistance And Cooperation Of The Insured
      Action Against Us
      Subrogation


SECTION II - Personal Injury Protection Coverage

Personal Injury Protection (Part I)...............6
Payments We Will Make ..........................6
Exclusions   ...........................................6
Limits Of Liability; Application Of Deductible;
   Other Insurance....................................6
Definitions...............................................7
Policy Period; Territory ............................8
Conditions...............................................8
      Notice
      Action Against The Company
      Proof Of Claim; Medical Reports and
         Examinations; Payment of Claim Withheld
      Reimbursement And Subrogation
      Special Provisions For Rented Or Leased Vehicles
      Arbitration
Modification Of Policy Coverages (Part II)...............8
Provisional Premium (Part III)...................9


SECTION III - Physical Damage Coverages
Your Protection For Loss Of Or Damage To Your Car

Definitions..................................................9
Losses We Will Pay ................................10
   Comprehensive(Excluding Collision) ...............10
   Collision ...............................................10
Additional Payments We Will Make Under The
   Physical Damage Coverages....................10
Car Rental If Your Car Is Stolen .................10

Page

Exclusions:  When The Physical Damage
   Coverages Do Not Apply.........................10
Limit Of Liability................   .................11
Other Insurance ....................................11
Conditions...............................................11
      Notice
      Two Or More Autos
      Assistance And Cooperation Of The Insured
      Action Against Us
      Insured's Duties In Event Of Loss
      Appraisal
      Payment Of Loss
      No Benefit To Bailee
      Subrogation
SECTION IV - Uninsured Motorists Coverage
Your Protection For Injuries Caused By
Uninsured And Hit-And-Run Motorists

Definitions ..............................................12
Losses We Pay .......................................13
Exclusions:  When Section IV Does Not Apply     13
Limits Of Liability ...................................13
Other Insurance .....................................13
Disputes Between Us And An Insured ...................13
Trust Agreement ....................................14
Conditions...............................................14
      Notice
      Assistance And Cooperation Of The Insured
      Action Against Us
      Proof Of Claim - Medical Reports
      Payment Of Loss
SECTION V - General Conditions
The Following Apply To All Coverages In This Policy

Territory - Policy Period ...........................15
Premium.................................................15
Changes.................................................15
Assignment ...........................................15
Cancellation By The Insured .....................15
Cancellation By Us ..................................15
Cancellation By Us Is Limited....................15
Renewal..................................................16
Mediation Of Claims.................................16
Other Insurance ......................................16
Action Against Us.....................................16
Dividend Provision....................................16
Declarations............................................16
Fraud And Misrepresentation .....................17
Examination Under Oath............................17
Terms Of Policy Conformed To Statutes .................17
SECTION VI -  Amendments And Endorsements

Special Endorsement
United States Government Employees ....................17

Whenever "he," "his," "him," or "himself" appears in this policy, you may read "she," "her," "hers," or "herself."

## AGREEMENT

We, the Company named in the declarations attached to this policy, make this agreement with *you*, the policyholder. Relying on the information you have furnished and the declarations attached to this policy and if *you* pay *your* premium when due, we will do the following:

## SECTION I - LIABILITY COVERAGES

### Bodily Injury Liability And Property Damage Liability
### *Your* Protection Against Claims From Others

### DEFINITIONS

The words italicized in Section I of this policy are defined below.

1.  *"Auto business"* means the business of selling, repairing, servicing, storing, transporting or parking of autos.

2.  *"Bodily injury"* means bodily injury to a person, including resulting sickness, disease or death.

3.  *"Farm auto"* means a truck type vehicle with a load capacity of 2,000 pounds or less, not used for commercial purposes other than farming.

4.  *"Insured"* means a person or organization described under PERSONS INSURED

5.  *"Non-owned auto"* means a *private passenger*, *farm* or *utility auto* or *trailer* not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto*. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

6.  *"Owned auto"* means:

    (a) a vehicle described in this policy for which a premium charge is shown for these coverages;

    (b) a *trailer* owned by *you*;

    (c) a *private passenger*, *farm* or *utility auto*, ownership of which *you* acquire during the policy period, if

      (i) it replaces an *owned auto* as defined in (a) above; or

      (ii) we insure all *private passenger*, *farm* and *utility autos* owned by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;

    (d) a *temporary substitute auto*.

7.  *"Private passenger auto"* means a four-wheel private passenger, station wagon or jeep-type auto, including a *farm* or *utility auto* as defined.

8.  *"Relative"* means a person related to *you* who resides in *your* household, including *your* ward or foster child.

9.  *"Temporary substitute auto"* means a private passenger, farm or utility auto or *trailer*, not owned by *you*, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

10.  *"Trailer"* means a vehicle designed to be towed by a *private passenger auto*. If the vehicle is being used for business or commercial purposes, it is a *trailer* only while used with a *private passenger*, *farm* or *utility auto*. *Trailer* also means a farm wagon or farm implement used with a *farm auto*.

11.  *"Utility auto"* means a vehicle, other than a *farm auto*, with a load capacity of 2,000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

12.  *"War"* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.

13.  *"You"* means the policyholder named in the declarations and his or her spouse if a resident of the same household.

### LOSSES WE WILL PAY FOR *YOU*

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:

1.  *bodily injury*, sustained by a person, and
2.  damage to or destruction of property,

arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

1.  All investigative and legal costs incurred by us.

A-70FL (2-98) Page 3 of 17

2. All court costs charged to an *insured* in a covered law suit.

3. All interest accruing on that amount of a judgment which represents our limit of liability, until we have paid, offered or deposited in court that part of the judgment not exceeding the limit of our liability.

4. Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of liability.

5. Premiums for bail bonds paid by an *insured* due to traffic law violations arising out of the use of an insured auto, not to exceed $250 per bail bond.

6. Costs incurred by any *insured* for first aid to others at the time of an accident involving an insured auto.

7. Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

8. All reasonable costs incurred by an *insured* at our request.

EXCLUSIONS

When Section I Does Not Apply

1. We do not cover any *bodily injury* to any *insured* or any member of an *insured's* family residing in the *insured's* household.

This exclusion does not apply if the insured or member of the insured's household is injured as a passenger in a motor vehicle insured under this policy while that vehicle is being driven by a person who is not a relative.

2. Section I does not apply to any vehicle used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

3. We do not provide liability coverage for any person who intentionally causes *bodily injury* or property damage.

4. We do not cover *bodily injury* or property damage that is insured under a nuclear liability policy. This exclusion applies even if the limits of that policy are exhausted.

5. *Bodily injury* or property damage arising from the operation of farm machinery is not covered.

6. *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured* is not covered.

However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are

required to be provided under a workmen's compensation law.

7. We do not cover *bodily injury* to a fellow employee of an *insured* (other than *you*) injured in the course of his employment if the *bodily injury* arises from the use of an auto in the business of his employer, and if benefits are payable under a workmen's compensation policy.

8. We do not cover an *owned auto* while used by a person (other than *you* or a *relative* or *your* or *your relative's* partner, agent or employee) when he is employed or otherwise engaged in the *auto business*.

9. A *non-owned auto* while maintained or used by a person while he is employed or otherwise engaged in any *auto business* is not covered.

However, coverage does apply to a *non-owned private passenger auto* used by *you*, *your* chauffeur or a domestic servant, while engaged in the business of an *insured*.

10. We do not cover damage to:

    (a) property owned, or transported by an *insured*; or
    (b) property rented to or in charge of an *insured* other than a residence or private garage.

11. We do not cover an auto acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.

12. We do not cover:

    (a) the United States of America or any of its agencies;
    (b) any person, including *you*, if protection is afforded under the provisions of the Federal Tort Claims Act.

PERSONS INSURED

Who Is Covered

Section I applies to the following as *insureds* with regard to an *owned auto*:

1. *you*;

2. any other person using the auto with *your* permission. The actual use must be within the scope of that permission;

3. any other person or organization for his or its liability because of acts or omissions of an *insured* under 1. or 2. above.

Section I applies to the following with regard to a *non-owned auto*:

1. *you* and *your relatives* when driving the *non-owned auto*. Such use must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission.

A-70FL (2-98) Page 4 of 17

2. a person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under 1. above.

The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

## FINANCIAL RESPONSIBILITY LAWS

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law.

When the policy applies to the operation of a motor vehicle outside of *your* state, we agree to increase *your* coverages to the extent required of out-of-state motorists by local law. We will not provide Bodily Injury Liability Coverage under this provision if that coverage is not purchased and shown in the policy declarations. This additional coverage will be reduced to the extent that *you* are protected by another insurance policy. No person can be paid more than once for any item of loss.

## LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

1. The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one person as the result of one occurrence.

2. The limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of any one occurrence.

3. The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

## OTHER INSURANCE

If the *insured* has other applicable insurance against a loss covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for losses arising out of the ownership, maintenance or use of a vehicle *you* do not own shall be excess over any other valid and collectible insurance

## CONDITIONS

The following conditions apply to Section I:

1. NOTICE

As soon as possible after an occurrence, written notice must be given us or our authorized agent stating:

(a) the identity of the *insured*;
(b) the time, place and details of the occurrence;
(c) the names and addresses of the injured, and of any witnesses; and
(d) the names of the owners and the description and location of any damaged property.

If a claim or suit is brought against an *insured*, he must promptly send us each demand, notice, summons or other process received.

2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

3. ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

(a) in the investigation of the occurrence;
(b) in making settlements;
(c) in the conduct of suits; and
(d) in enforcing any right of contribution or indemnity against any legally responsible person or organization because of *bodily injury* or property damage; and
(e) at trials and hearings;
(f) in securing and giving evidence; and
(g) by obtaining the attendance of witnesses.

Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others.

4. ACTION AGAINST US

No suit will lie against us:

(a) unless the *insured* has fully complied with all the policy's terms and conditions, and
(b) until the amount of the *insured's* obligation to pay has been finally determined, either:

    (i) by a final judgment against the *insured* after actual trial; or
    (ii) by written agreement of the *insured*, the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured*, has a right under this policy to make us a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or of his estate will not relieve us of our obligations.

5. SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

When a person has been paid damages by us under this policy and also recovers from another, that person shall:

(a) hold in trust for us the amount recovered; and
(b) reimburse us to the extent of our payment.

## SECTION II - PERSONAL INJURY PROTECTION COVERAGE AND AUTOMOBILE MEDICAL PAYMENTS

### PART I - PERSONAL INJURY PROTECTION

#### PAYMENTS WE WILL MAKE

The Company will pay, in accordance with the Florida Motor Vehicle No-Fault Law, as amended, to or for the benefit of the injured person:

(a) 80% of *medical expenses*; and
(b) 60% of *work loss*;
(c) *replacement services expenses*, and
(d) death benefits incurred as a result of *bodily injury*, caused by an accident arising out of the ownership, maintenance or use of a *motor vehicle* and sustained by:

   (1) *you* or any *relative* while *occupying* a *motor vehicle* or, while a *pedestrian* through being struck by a *motor vehicle*; or
   (2) any other person while *occupying* the *insured motor vehicle* or, while a *pedestrian*, through being struck by the *insured motor vehicle*.

In addition, we will pay, under Automobile Medical Payments coverage (applies only if a premium amount is shown in the Policy Declarations for "Medical Payments" coverage), subject to the coverage limit:

(a) the portion of any claim for Personal Injury Protection medical expense benefits otherwise covered but not payable due to the coinsurance provision of the Personal Injury Protection coverage. This is the 20% of *medical expenses* not covered in (a) of the first paragraph of this section;
(b) any *medical expenses* incurred that exceed the Personal Injury Protection medical expense coverage limit; and
(c) *medical expenses* incurred by an *insured* or *relative* that result from injuries received while *occupying* a *motor vehicle* or as a *pedestrian* in an accident that occurs outside the state of Florida.

#### EXCLUSIONS

This insurance does not apply:

(a) to any *insured* injured while *occupying* any *motor vehicle* owned by that *insured* and which is not an *insured motor vehicle* under this insurance;

(b) to any person while operating the *insured motor vehicle* without *your* express or implied consent;

(c) to any person, if such person's conduct contributed to his *bodily injury* under any of the following circumstances:

   (i) causing *bodily injury* to himself intentionally;
   (ii) while committing a felony;

(d) to *you* or any *relative* for *work loss* if an entry in the schedule or declarations indicates such coverage does not apply;

(e) to any *pedestrian*, other than *you* or any *relative*, not a legal resident of the State of Florida;

(f) to any person, other than *you*, if such person is the *owner* of a *motor vehicle* with respect to which security is required under the Florida Motor Vehicle No-Fault law, as amended;

(g) to any person, other than *you* or any *relative*, who is entitled to personal injury protection benefits from the *owner* or *owners* of a *motor vehicle* which is not an *insured motor vehicle* under this insurance or from the *owner's* insurer; or

(h) to any person who sustains *bodily injury* while *occupying* a *motor vehicle* located for use as a residence or premises.

#### LIMIT OF LIABILITY; APPLICATION OF DEDUCTIBLE; OTHER INSURANCE

Regardless of the number of persons insured, policies or bonds applicable, vehicles involved or claims made,

the total aggregate limit of personal injury protection benefits available under the Florida Motor Vehicle No-Fault Law, as amended, from all sources combined, including this policy, for all loss and expense incurred by or on behalf of any one person who sustains *bodily injury* as the result of any one accident shall be $10,000; provided that payment for death benefits included in the foregoing shall in no event exceed $5,000.

Any amount payable under this insurance shall be reduced by the amount of benefits an injured person has recovered for the same elements of loss under the workmen's compensation laws of any state or the federal government.

If benefits have been received under the Florida Motor Vehicle No-Fault Law, as amended, from any insurer for the same items of loss and expense for which benefits are available under this policy, we shall not be liable to make duplicate payments to or for the benefit of the injured person, but the insurer paying such benefits shall be entitled to recover from us its equitable pro rata share of the benefits paid and expenses incurred in processing the claim.

The amount of any deductible stated in the declarations shall be deducted from the total amount of all sums otherwise payable by us with respect to all loss and expenses incurred by or on behalf of each person to whom the deductible applies and who sustains *bodily injury* as the result of any one accident, and if the total amount of such loss and expense exceeds such deductible, the total limit of benefits we are obligated to pay shall then be the difference between such deductible amount and the applicable limit of our liability. Such deductible will not apply to the death benefit.

If an entry in the declarations so indicates, any amount payable under this insurance to *you* or any *relatives* shall be reduced by any benefits payable by the Federal Government to active or retired military personnel and their dependent relatives. If such benefits are not available at the time of loss, we shall have the right to recompute and charge the appropriate premium.

## DEFINITIONS

The definitions of the terms *"insured"* and *"you"* under Section I apply to Section II also:

When used in reference to this Section: *"bodily injury"* means bodily injury, sickness, or disease, including death at any time resulting therefrom.

*"Insured motor vehicle"* means a *motor vehicle*:

(a) of which *you* are the *owner*, and
(b) with respect to which security is required to be maintained under the Florida Motor Vehicle No-Fault Law, and
(c) for which a premium is charged, or which is a trailer, other than a mobile home, designed for use with a *motor vehicle*;

*"Medical expenses"* means reasonable expenses for necessary medical, surgical, x-ray, dental, ambulance, hospital, professional nursing and rehabilitative services for prosthetic devices and for necessary remedial treatment and services recognized and permitted under the laws of the state for an injured person who relies upon spiritual means through prayer alone for healing in accordance with his religious beliefs;

*"Motor vehicle"* means any self-propelled vehicle of 4 or more wheels which is of a type both designed and required to be licensed for use on the highways of Florida and any trailer or semi-trailer designed for use with such vehicle.

A *motor vehicle* does not include:

(a) any *motor vehicle* which is used in mass transit other than public school transportation and designed to transport more than 5 passengers exclusive of the operator, of the *motor vehicle* and which is owned by a municipality, a transit authority, or a political subdivision of the state; or

(b) a mobile home.

*"Occupying"* means in or upon or entering into or alighting from;

*"Owner"* means a person or organization who holds the legal title to a *motor vehicle*, and also includes.

(a) a debtor having the right to possession, in the event a *motor vehicle* is the subject of a security agreement, and
(b) a lessee having the right to possession, in the event of a *motor vehicle* is the subject of a lease with option to purchase and such lease agreement is for a period of six months or more, and
(c) a lessee having the right to possession, in the event a *motor vehicle* is the subject of a lease without option to purchase, and such lease agreement is for a period of six months or more, and the lease agreement provides that the lessee shall be responsible for securing insurance;

*"Pedestrian"* means a person while not an occupant of any self-propelled vehicle;

*"Relative"* means a person related to *you* by blood, marriage or adoption (including a ward or foster child) who is a resident of the same household as *you*;

*"Replacement services expenses"* means with respect to the period of disability of the injured person all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for such injury, the injured person would have performed without income for the benefit of his household;

*"Work loss"* means with respect to the period of disability of the injured person, any loss of income and earn-

ing capacity from inability to work , .imately caused by the injury sustained by the injured person.

## POLICY PERIOD; TERRITORY

The insurance under this Section applies only to accidents which occur during the policy period:

(a) in the State of Florida;

(b) as respects *you* or a *relative*, while *occupying* the *insured motor vehicle* outside the State of Florida but within the United States of America, its territories or possessions or Canada; and

(c) as respects *pedestrians* injured when struck by the *insured motor vehicle* in the State of Florida, if they are not the *owner* of a vehicle for which coverage is required to be maintained under the Florida No-Fault Law.

(d) Additionally, applicable to the Medical Payments coverage only, if included on the policy, we will cover *you* or any *relative* for injuries incurred while *occupying* a *motor vehicle* within the United States of America, its territories or possessions or Canada.

## CONDITIONS

1. Notice In the event of an accident, written notice of the loss must be given to us or any of our authorized agents as soon as practicable. If any injured person or his legal representatives shall institute legal action to recover damages for *bodily injury* against a third party, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded as soon as practicable to us by such injured person or his legal representative.

2. Action Against the Company. No action shall lie against us unless, as a condition precedent thereto, there shall have been full compliance with all terms of this insurance, nor until 30 days after the required notice of accident and reasonable proof of claim has been filed with us.

3. Proof of Claim; Medical Reports and Examinations; Payment of Claim Withheld. As soon as practicable the person making the claim shall give to us written proof of claim, under oath if required, which may include full particulars of the nature and extent of the injuries and treatment received and contemplated, and such other information as may assist us in determining the amount due and payable. Such person shall submit to mental or physical examinations at our expense when and as often as we may reasonably require and a copy of the medical report shall be forwarded to such person if requested. If the person unreasonably refuses to submit to an examination, we will not be liable for subsequent personal injury protection benefits. Whenever a person making a claim is charged with committing a felony, we shall withhold benefits until, at the trial level, the prosecution makes a formal entry on the record that it will not prosecute the

case against the person, the charge is dismissed or the person is acquitted.

The *insured* and other persons making claim must submit to examination under oath by any person named by us when and as often as we may reasonably require.

4. Reimbursement and Subrogation. In the event of payment to or for the benefits of any injured person under this insurance:

(a) the Company is subrogated to the rights of the person to whom or for whose benefit such payments were made to the extent of such payments. Such person shall execute and deliver the instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.

(b) the Company providing personal injury protection benefits on a private passenger motor vehicle, as defined in the Florida Motor Vehicle No-Fault Law, shall be entitled to reimbursement to the extent of the payment of personal injury protection benefits from the owner or insurer of the owner of a commercial motor vehicle, as defined in the Florida Motor Vehicle No-Fault Law, if such injured person sustained the injury while *occupying*, or while a *pedestrian* through being struck by, such commercial motor vehicle.

5. Special Provision for Rented or Leased Vehicles. Notwithstanding any provision of this coverage to the contrary, if a person is injured while *occupying*, or through being struck by, a *motor vehicle* rented or leased under a rental or lease agreement which does not specify otherwise in bold type on the face of such agreement, the personal injury protection coverage afforded under the lessor's policy shall be primary.

6. Arbitration. The Company, under this coverage, is entitled to binding arbitration of any claims dispute involving medical benefits arising between us and any person providing medical services or supplies if that person has agreed to assignment of personal injury protection benefits. The provisions of Chapter 682 relating to arbitration shall apply. The prevailing party shall be entitled to attorney's fees and costs.

## PART II - MODIFICATION OF POLICY COVERAGES

Any Automobile Medical Payments insurance, any Uninsured Motorists coverage or any excess Underinsured Motorists coverage afforded by the policy shall be excess over any Personal Injury Protection benefits paid or payable or which would be available but for the application of a deductible.

Regardless of whether the full amount of Personal Injury Protection benefits have been exhausted, any Medical Payments insurance afforded by this policy shall pay the portion of any claim for Personal Injury Protec-

'tion *medical expenses* which are oth    se covered but not payable due to the limitation of 80% of *medical expenses* contained in Section I but shall not be payable for the amount of the deductible selected.

### PART III - PROVISIONAL PREMIUM

It is agreed that in the event of any change in the rules, rates, rating plan, premiums or minimum premiums applicable to the insurance afforded, because of an adverse judicial finding as to the constitutionality of any provisions of the Florida Motor Vehicle No-Fault Law, as amended, providing for the exemption of persons from tort liability, the premium stated in the declarations for any Liability, Medical Payments and Uninsured Motor-

ists insurance shall be    med provisional and subject to recomputation. If this policy is a renewal policy, such recomputation shall also include a determination of the amount of any return premium previously credited or refunded to the named insured pursuant to Section 12 (2) (e) of the Florida Motor Vehicle No-Fault Law, as amended, with respect to insurance afforded under a previous policy.

If the final premium thus recomputed exceeds the premium stated in the declarations, the *insured* shall pay to the Company the excess as well as the amount of any return premium previously credited or refunded.

## SECTION III - PHYSICAL DAMAGE COVERAGES
### Your Protection For Loss Or Damage To Your Car

### DEFINITIONS

The definitions of the terms *"auto business," "farm auto," "non-owned auto," "private passenger auto," "relative," "temporary substitute auto," "utility auto," "you,"* and *"war"* under Section I apply to Section III also. Under this Section, the following special definitions apply:

1. *"Actual cash value"* is the replacement cost of the auto or property less *depreciation* or *betterment*.

2. *"Betterment"* is improvement of the auto or property to a value greater than its pre-loss condition.

3. *"Collision"* means *loss* caused by upset of the covered auto or its collision with another object, including an attached vehicle.

4. *"Comprehensive"* means *loss* caused other than by *collision* and includes the following causes:

   (a) missiles;
   (b) falling objects;
   (c) fire;
   (d) lightning;
   (e) theft;
   (f) larceny;
   (g) explosion;
   (h) earthquake;
   (i) windstorm;
   (j) hail;
   (k) water;
   (l) flood;
   (m) malicious mischief;
   (n) vandalism;
   (o) riot;
   (p) civil commotion; or
   (q) colliding with a bird or animal.

5. *"Depreciation"* means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness, or other causes.

6. *"Insured"* means:

   (a) regarding the *owned auto*:

      (i) *you* and *your relatives;*
      (ii) a person or organization maintaining, using or having custody of the auto with *your* permission, if his use is within the scope of that permission.

   (b) regarding a *non-owned auto*:

      *you* and *your relatives,* when driving the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner and within the scope of that permission.

7. *"Loss"* means direct and accidental loss of or damage to:

   (a) an insured auto, including its equipment; or
   (b) other property insured under this section.

8. *"Owned auto"* means:

   (a) any vehicle described in this policy for which a specific premium charge indicates there is coverage;
   (b) a *private passenger, farm* or *utility auto* or a *trailer,* ownership of which is acquired by *you* during the policy period; if

      (i) it replaces an *owned auto* as described in (a) above, or
      (ii) we insure all *private passenger, farm, utility autos* and *trailers* owned by *you* on the date of such acquisition and *you* request us to add it to the policy within 30 days afterward;

   (c) a *temporary substitute auto.*

A-70FL (2-98) Page 9 of 17

9. *"Trailer"* means a trailer design. for use with a *private passenger auto* and not used as a home, office, store, display or passenger trailer.

## LOSSES WE PAY

### Comprehensive (Excluding *Collision*)

1. We will pay for each *loss*, less the applicable deductible, caused other than by *collision* to the *owned* or *non-owned auto*. This includes glass breakage.

No deductible will apply to *loss*:

(a) to windshield glass;
(b) caused by fire, lightning, smoke, or smudge; or
(c) as a result of damage sustained while the vehicle is being transported on any conveyance.

At the option of the *insured*, breakage of glass caused by *collision* may be paid under the Collision coverage, if included in the policy.

2. We will pay, up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to:

(a) fire;
(b) lightning;
(c) flood;
(d) falling objects;
(e) earthquake;
(f) explosion; or
(g) theft of the entire automobile.

No deductible will apply to *loss* from fire or lightning.

The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

3. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

### Collision

1. We will pay for *collision loss* to the *owned* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

2. We will pay up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to a *collision*. The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

3. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

## ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

1. We will reimburse the *insured* for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by Comprehensive coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the *loss*.

Reimbursement will not exceed $20.00 per day nor $600.00 per *loss*.

2. We will pay for *loss* to any of the following equipment (including *loss* to accessories and antennas):

(a) car phone;
(b) citizen's band radio;
(c) two-way mobile radio;
(d) scanning monitor receiver; or
(e) device designed for the recording and/or reproduction of sound.

We will pay only if the equipment at the time of *loss*:

(a) is permanently installed in or upon an *owned auto*; and
(b) that auto is insured under the appropriate coverage.

3. We will pay general average and salvage charges for which the *insured* becomes legally liable when the auto is being transported.

## EXCLUSIONS

### When The Physical Damage Coverages Do Not Apply

1. An auto used to carry passengers or goods for hire is not covered. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2. *Loss* due to *war* is not covered.

3. We do not cover *loss* to a *non-owned auto* when used by the *insured* in the *auto business*.

4. There is no coverage for *loss* caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.

5. We do not cover road damage to tires.

6. *Loss* due to radioactivity is not covered.

7. *Loss* to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.

8. We do not cover *loss* to any radar detector.

9. We do not cover any vehicle or *trailer* when used for business or commercial purposes other than a *farm auto*.

10. We do not cover *loss* for custom options on an *owned auto*, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us.

## LIMIT OF LIABILITY

The limit of our liability for *loss*:

1. is the *actual cash value* of the property at the time of the *loss*;

2. will not exceed the cost to repair or replace the property, or any of its parts, with other of like kind and quality and will not include compensation for any diminution in the property's value that is claimed to result from the *loss*.

3. to personal effects arising out of one occurrence is $200;

4. to a *trailer* not owned by *you* is $500;

5. for custom options is limited to the *actual cash value* of equipment, furnishings or finishings (including paint) installed in or upon the vehicle only by the auto factory or an authorized auto dealer and included in the purchase price of the vehicle.

*Actual cash value* of property will be determined at the time of the *loss* and will include an adjustment for *depreciation/betterment* and for the physical condition of the property.

## OTHER INSURANCE

If the *insured* has other insurance against a *loss* covered by Section III, we will not owe more than our pro rata share of the total coverage available. Any insurance we provide for a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply only to the Physical Damage coverages:

1. NOTICE

As soon as possible after a *loss*, written notice must be given us or our authorized agent stating:

(a) the identity of the *insured*;
(b) a description of the auto or *trailer*;
(c) the time, place and details of the *loss*; and
(d) the names and addresses of any witnesses.

In case of theft, the *insured* must promptly notify the police.

2. TWO OR MORE AUTOS

If this policy covers two or more autos or *trailers*, the limit of coverage and any deductibles apply separately to each.

3. ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

(a) in the investigation of the *loss*;
(b) in making settlements;
(c) in the conduct of suits;
(d) in enforcing any right of subrogation against any legally responsible person or organization;
(e) at trials and hearings;
(f) in securing and giving evidence; and
(g) by obtaining the attendance of witnesses.

4. ACTION AGAINST US

Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

5. *INSURED'S* DUTIES IN EVENT OF *LOSS*

In the event of *loss* the *insured* will:

(a) Protect the auto, whether or not the *loss* is covered by this policy. Further *loss* due to the *insured's* failure to protect the auto will not be covered. Reasonable expenses incurred for this protection will be paid by us.
(b) File with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require.
(c) At our request, the *insured* will exhibit the damaged property and submit to examination under oath.

6. APPRAISAL

If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the actual *cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

We will not waive our rights by any of our acts relating to appraisal.

7. PAYMENT OF *LOSS*

We may at our option:

(a) pay for the *loss*; or
(b) repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but

there will be no abandonment to .   We may settle claims for *loss* either with the *insured* or the owner of the property.

**8. NO BENEFIT TO BAILEE**

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.

**9. SUBROGATION**

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after *loss* to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

## SECTION IV - UNINSURED MOTORISTS COVERAGE
### Protection For *You* And *Your* Passengers For Injuries Caused By Uninsured And Hit-And-Run Motorists

**DEFINITIONS**

The definitions of terms for Section I apply to Section IV, except for the following special definitions:

**1.** *"Hit-and-run auto"* is an auto causing *bodily injury* to an *insured* and whose operator or owner cannot be identified, provided the *insured* or someone on his behalf:

    (a) reports the accident as soon as possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;

    (b) files with us as soon as possible a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person.

**2.** *"Insured"* means:

    (a) the individual named in the declarations and his or her spouse if a resident of the same household;

    (b) *relatives* of (a) above if residents of his household;

    (c) any other person while *occupying* an *insured auto*;

    (d) any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b), and (c) above.

If there is more than one *insured*, our limits of liability will not be increased.

**3.** *"Insured auto"* is an auto:

    (a) described in the declarations and covered by the Bodily Injury Liability coverage of this policy;

    (b) temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

    (c) operated by *you* or *your* spouse if a resident of the same household.

But the term *"insured auto"* does not include:

    (i) an auto used to carry passengers or goods for hire, except in a car-pool;

    (ii) an auto being used without the owner's permission; or

    (iii) under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of an *insured*.

**4.** *"Occupying"* means in, upon, entering into or alighting from.

**5.** *"State"* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

**6.** *"Uninsured auto"* is an auto:

    (a) which has no liability bond or insurance policy applicable with liability limits complying with the Financial Responsibility Law of the *state* in which the *insured auto* is principally garaged at the time of the accident; or

    (b) for which the total of all bodily injury liability insurance available in the event of an accident is less than the damages sustained in an accident by an *insured*; or

    (c) a *hit-and-run auto*.

This term also includes an auto whose insurer is or becomes insolvent or denies coverage.

The term *"uninsured auto"* does not include:

    (a) an *insured auto*;

    (b) an auto owned or operated by a self insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

    (c) an auto owned by the United States of America, any other national government, a *state*, or a political subdivision of any such government or its agencies;

    (d) a land motor vehicle or *trailer* operated on rails or crawler treads or located for use as a residence or premises; and

(e) a farm-type tractor or equipme.   signed for use principally off public roads, except while used upon public roads.

## LOSSES WE PAY

Under the Uninsured Motorists coverage we will pay damages for *bodily injury* caused by accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured auto* arising out of the ownership, maintenance or use of that auto.

However, we will not pay until the total of all bodily injury liability insurance available has been exhausted by payment of judgments or settlements.

## EXCLUSIONS

### When Section IV Does Not Apply

1. This coverage does not apply to *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent.

2. *Bodily injury* to an *insured* while *occupying* or when struck by any motor vehicle or motorcycle owned by an *insured* or a *relative*, which is not insured under the Liability Coverages section of this policy, is not covered.

3. The Uninsured Motorists coverage will not benefit any workmen's compensation insurer, self insurer, or disability benefits insurer.

4. We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.

5. This coverage does not apply to any damages for pain and suffering that the *insured* may be legally entitled to recover against an uninsured motorist unless the injury or disease caused by the uninsured motorist accident resulted in:

   (a) significant and permanent loss of an important bodily function; or
   (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; or
   (c) significant and permanent scarring or disfigurement; or
   (d) death.

6. Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.

## LIMITS OF LIABILITY

1. The limit of liability for Uninsured Motorists coverage stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* sustained by one person as the result of one accident.

The most we will pay all such damages, sustained by one person as the result of one accident, is the sum of the "each person" limits for Uninsured Motorists coverage shown in the declarations.

2. The limit of liability stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of one accident. The most we will pay for all such damages, sustained by two or more persons as the result of one accident, is the sum of the "each accident" limits for Uninsured Motorists coverage shown in the declarations.

3. The limit of liability for Uninsured Motorist coverage shall be over and above, but shall not duplicate the benefits available to an *insured* under any:

   (a) workers' compensation law;
   (b) personal injury protection benefits;
   (c) disability benefits law or similar law; or
   (d) automobile medical expense coverage.

4. The limit of liability for Uninsured Motorist coverage shall be over and above, but shall not duplicate any amount paid or payable:

   (a) under any motor vehicle liability insurance coverages; or
   (b) by or on behalf of the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident.

## OTHER INSURANCE

When an *insured* *occupies* an auto not described in this policy, and not owned by that *insured* or a *relative*, this insurance is excess over any other similar insurance available to the *insured* and the insurance which applies to the *occupied* auto is primary.

If the *insured* has other insurance against a loss covered by the Uninsured Motorist provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.

## DISPUTES BETWEEN US AND AN *INSURED*

1. Disputes between an *insured* and us as to liability and damages may be submitted to arbitration. Arbitration must be agreed to in writing between the *insured* and us.

If arbitration is agreed upon, each party shall select an impartial arbitrator. These arbitrators shall select a third one.

The cost of the arbitration and any expenses for experts shall be paid by the party who hired them. The cost of the third arbitrator shall be paid equally by the parties.

2. If the *insured* and we cannot agree to arbitrate or agree to a third arbitrator, the *insured* shall:

   (a) sue the owner or driver of the *uninsured auto* and us in a court of competent jurisdiction. If the owner or driver is unknown, name us as the defendant.

   (b) when suit is filed, immediately give us copies of the suit papers.

3. If the *insured* agrees to settle with another insurer for their limits of liability coverage, the *insured* must submit this agreement to us in such settlement if the *insured* intends to pursue an uninsured motorist claim against us.

4. If within 30 days after receipt of the settlement agreement, we do not:

   (a) approve the settlement and the signing of the full release;

   (b) waive our subrogation rights; and

   (c) agree to arbitrate the claim,

the *insured* may then file suit against us and the person(s) legally liable.

5. Any award against us shall be binding and conclusive against us and the *insured* up to our coverage limit.

**TRUST AGREEMENT**

Whenever we make a payment under this coverage:

1. We will be entitled to repayment of that amount out of any settlement or judgment the *insured* recovers from any person or organization legally responsible for the *bodily injury*.

2. The *insured* will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

3. At our written request, the *insured*, in his own name, will take through a designated representative appropriate actions necessary to recover payment for damages from the legally responsible person or organization. The *insured* will pay us out of the recovery for our expenses, costs and attorney's fees.

4. The *insured* will execute and furnish us with any needed documents to secure his and our rights and obligations.

**CONDITIONS**

The following conditions apply only to the Uninsured Motorist coverage:

1. NOTICE

As soon as possible after an accident, notice must be given us or our authorized agent stating:

   (a) the identity of the *insured*;

   (b) the time, place and details of the accident; and

   (c) the names and addresses of the injured, and of any witnesses.

If the *insured* or his legal representative files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings.

2. ASSISTANCE AND COOPERATION OF THE *INSURED*

After we receive notice of a claim, we may require the *insured* to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization. We may require the *insured* to make that person or organization a defendant in any action against us.

3. ACTION AGAINST US

Suit will not lie against us unless the *insured* or his legal representative have fully complied with all the policy terms.

4. PROOF OF CLAIM - MEDICAL REPORTS

As soon as possible, the *insured* or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

The *insured* and other persons making claim must submit to examination under oath by any person named by us when and as often as we may reasonably require. Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

The injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of the *insured's* incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.

5. PAYMENT OF LOSS

Any amount due is payable:

   (a) to the *insured* or his authorized representative;

   (b) if the *insured* is a minor, to his parent or guardian; or

   (c) if the *insured* is deceased, to his surviving spouse; otherwise

   (d) to a person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

We may, at our option, pay an amount due in accordance with (d) above.

## SECTION V - GENERAL CONDITIONS
### These Conditions Apply To All Coverages In This Policy.

### 1. TERRITORY - POLICY PERIOD

This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories and possessions, or Canada and while an *owned auto* is being transported between ports thereof.

Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and *your* acceptance prior to the expiration date. Each period will begin and expire at 12:01 A.M. local time at *your* address stated in the declarations.

### 2. PREMIUM

When *you* dispose of, acquire ownership of, or replace a *private passenger*, *farm* or *utility auto*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

### 3. CHANGES

The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, *your* policy will automatically include the broader coverage when effective in *your* state.

The premium for each auto is based on the information we have in *your* file. *You* agree:

(a) that we may adjust *your* policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed.

(b) that *you* will cooperate with us in determining if this information is correct and complete.

(c) that *you* will notify us of any changes in this information.

Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

### 4. ASSIGNMENT

Assignment of interest under this policy will not bind us without our consent

If *you* die, this policy will cover:

(a) *your* surviving spouse;

(b) the executor or administrator of *your* estate, but only while acting within the scope of his duties;

(c) any person having proper temporary custody of the *owned auto*, as an *insured*, until the ap-

pointment and qualification of the executor or administrator of *your* estate; and

(d) under the medical payments coverage, a person who was a *relative* at the time of *your* death.

### 5. CANCELLATION BY THE *INSURED*

*You* may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective.

However, *you* may not cancel during the first two months immediately following *your* policy's effective date except:

(a) upon total destruction of all of the *owned autos*;

(b) upon transfer of ownership of all of the *owned autos*;

(c) if *you* obtained a replacement policy covering an *owned auto* elsewhere; or

(d) when we notify *you* that the premium charged must be increased to comply with our rate filings or the applicable laws of Florida. In such event, *you* have ten days in which to request cancellation of the policy and a return of the unearned premium.

If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed on a pro-rated basis according to our manuals.

### 6. CANCELLATION BY US

We may cancel this policy by mailing to *you*, at the address shown in this policy, written notice stating when the cancellation will be effective. This notice will be mailed by United States Post Office certificate of mailing.

We will mail this notice:

(a) 10 days in advance if the proposed cancellation is for nonpayment of premium or any of its installments when due;

(b) 45 days in advance in all other cases.

The mailing or delivery of the above notice will be sufficient proof of notice. The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed on a pro-rated basis according to our manuals.

Payment or tender of unearned premium is not a condition of cancellation.

### 7. CANCELLATION BY US IS LIMITED

After this policy has been in effect for 60 days or, if the policy is a renewal, effective immediately, we will not cancel unless:

(a) *You* do not pay the premium. for this policy or any installment when due to us or our agent; or
(b) Any *insured* has had his driver's license or motor vehicle registration under suspension or revocation; either:

   (i) during the current policy period; or
   (ii) during the preceding 180 days if this is a new policy; or

(c) There has been fraud or material misrepresentation under the policy in *your* application or in making a claim.

We will not cancel a new policy during the first 60 days immediately following the effective date of the policy for nonpayment of premium unless the reason for the cancellation is the issuance of a check for the premium that is dishonored for any reason.

Nothing in this section will require us to renew this policy.

## 8. RENEWAL

We guarantee to renew this policy for private passenger, farm or utility autos as long as all the following conditions are met:

1. You (or *your* spouse) are at least 50 years old and *you* (or *your* spouse) are a principal operator of an auto insured under this policy. There are no principal or occasional operators under the age of 25.
2. You and all operators of autos insured under this policy must be physically and mentally able to safely operate an auto. We may require an operator to provide certification of this from a doctor acceptable to us.
3. The autos insured are principally located in a state which has approved the use of this condition, and that state continues to approve the use of this condition.
4. The representations provided in *your* application for this policy were true.

If these requirements are not met, the guaranteed renewal condition does not apply. We reserve the right to terminate this guaranty in any state in which conditions require that we discontinue writing new and renewal policies for all our insureds. Should we choose not to renew, we will mail to *you*, at the address shown in this policy, written notice of our refusal to renew at least 45 days prior to the expiration date. This notice will be mailed by United States Post Office certificate of mailing. The mailing or delivery of this notice will be sufficient proof of notice.
If:

(1) *you* do not pay the premium as required to renew this policy; or
(2) *you* have informed us or our agent that *you* wish the policy cancelled or not renewed; or
(3) *you* do not accept our offer to renew; or

(4) *you* refuse to provide us with renewal classification and rating information as we may require;

it will be construed to mean that *you* have refused our renewal offer and the policy will expire without notice.

If this policy has been in effect for 5 years or more we will not refuse to renew solely because an *insured* was involved in a single traffic accident.

## 9. MEDIATION OF CLAIMS

In the event of a claim for *bodily injury* amounting to $10,000 or less, or any property damage claim, either party may demand mediation of the claim, provided that suit has not yet been filed. Only one mediation may be demanded for each claim, unless both parties agree to more than one mediation. Mediation is not binding on either party.

A request for mediation shall be filed with the Department of Insurance on a form approved by the Department. The request for mediation shall state the reason for the request and the issues in dispute which are to be mediated. The Department of Insurance will appoint the mediator to conduct the mediation. Each party may once reject the mediator selected by the Department, either originally or after the opposing side has exercised its option to reject a mediator. Each party participating in the mediation must have the authority to make a binding decision. All parties must mediate in good faith.

The cost of the mediation, as set by the Department of Insurance, is shared equally by the parties. Costs incurred by a party in preparing for or attending the mediation are paid by the party incurring that cost.

## 10. OTHER INSURANCE

If other insurance is obtained on *your* insured auto, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance.

## 11. ACTION AGAINST US

Persons other than the *insured* covered by this policy, may not name us as a defendant prior to first obtaining a judgment against an *insured*.

## 12. DIVIDEND PROVISION

*You* are entitled to share in a distribution of the surplus of the Company as determined by its Board of Directors from time to time.

## 13. DECLARATIONS

By accepting this policy, *you* agree that:

(a) the statements in *your* application and in the declarations are *your* agreements and representations;
(b) this policy is issued in reliance upon the truth of these representations; and

(c) this policy, along with the ap      tion and declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

14. FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

1. at the time application is made; or
2. at any time during the policy period; or

3. in connection   n the presentation or settlement of a claim.

15. EXAMINATION UNDER OATH

The *insured* or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may reasonably require.

16. TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of Florida are amended to conform to those statutes.

## SECTION VI - AMENDMENTS AND ENDORSEMENTS

1. SPECIAL ENDORSEMENT
UNITED STATES GOVERNMENT EMPLOYEES

A. Under the Property Damage coverage of Section I, we provide coverage to United States Government employees, civilian or military, using

1. Motor vehicles owned or leased by the United States Government or any of its agencies, or
2. Rented motor vehicle used for United States Government business,

when such use is with the permission of the United States Government. Subject to the limits describe in paragraph B. below, we will pay sums *you* are legally obligated to pay for damage to these vehicles.

B. The following limits apply to this coverage:

1. A $100 deductible applies to each occurrence.
2. For vehicles described in A.1. above, our liability shall not exceed the lesser of the following:

a. The *actual cash value* of the property at the time of the occurrence; or
b. The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
c. Two months basic pay of the *insured*; or
d. The limit of Property Damage liability coverage stated in the declarations.

3. For vehicles described in A.2. above, our liability shall not exceed the lesser of the following:

a. the *actual cash value* of the property at the time of the occurrence; or
b. The cost to repair or replace the property, or any of it parts with other of like kind and quality; or
c. The limit of Property Damage liability coverage stated in the declarations.

This insurance is excess over other valid and collectible insurance.

J. C. Stewart
Secretary

O. M. Nicely
President

GOVERNMENT EMPLOYEES INSURANCE COMPANY
GEICO GENERAL INSURANCE COMPANY
HOME OFFICE - 5260 Western Avenue
Chevy Chase, Maryland 20815-3799

# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MERLY NUÑEZ, (Class Representative),

GENERAL JURISDICTION DIVISION

      Plaintiffs,

CASE NO.  09-78375 CA 23

vs.

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

_____/

### DEFENDANT, GEICO GENERAL INSURANCE COMPANY'S UNOPPOSED MOTION FOR EXTENSION OF TIME WITHIN WHICH TO RESPOND TO CLASS ACTION COMPLAINT

Defendant, GEICO GENERAL INSURANCE COMPANY ("GEICO"), by and through undersigned counsel, respectfully moves this Court for an extension of time within which to respond to Plaintiffs' Class Action Complaint (the "Complaint"). In further support of its Motion, GEICO states the following:

1.     On October 26, 2009 Plaintiffs filed their Complaint.

2.     The State of Florida Department of Insurance served GEICO on November 5, 2009. Therefore, Defendant's response to the Complaint is currently due on November 25, 2009.

3.     Undersigned counsel has just been retained in this matter and requires additional time to analyze Plaintiffs' allegations, particularly given that this is a class action lawsuit. This is Defendant's first request for enlargement of time.

4.     Undersigned counsel telephoned Plaintiffs' counsel, Juan Montes, to request agreement to the instant Motion. Mr. Montes advised that there was no objection to Defendant's request for additional time to respond to the Class Action Complaint.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • **www.shutts.com**

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

( )                                ( )

CASE NO.  09-78375 CA 23

**WHEREFORE**, Defendant, GEICO respectfully requests that the deadline for responding to Plaintiffs' Class Action Complaint be enlarged up through and including December 10, 2009.

Respectfully submitted,

SHUTTS & BOWEN LLP
*Attorneys for Geico*
201 S. Biscayne Blvd.
Suite 1500
Miami, FL 33131
(305) 358-6300 Telephone
(305) 381-9982 Facsimile

_____
Douglas G. Brehm
Florida Bar No. 330700
Frank A. Zacherl
Florida Bar No.: 0868094

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served U.S. Mail, this _19th_ day of November, 2009 to Juan C. Montes, Esquire, Lidsky, Vaccaro & Montes, P.A., 145 E. 49 Street, Hialeah, FL  33013.

_____
OF COUNSEL

MIADOCS 3917793 1

2

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  09-78375 CA 23

MERLY NUÑEZ, (Class Representative),

        Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT, GEICO GENERAL INSURANCE COMPANY'S UNOPPOSED MOTION FOR EXTENSION OF TIME WITHIN WHICH TO RESPOND TO CLASS ACTION COMPLAINT

**THIS CAUSE** having come before this Court upon Defendant's Unopposed Motion for Extension of Time within which to Respond to Class Action Complaint, and the Court having reviewed the file and being otherwise fully advised in the premises and being further advised of the agreement of the parties hereto, it is:

**ORDERED AND ADJUDGED** as follows:

1.    Defendant's Unopposed Motion for Extension of Time within which to Respond to Class Action Complaint is **GRANTED**.

2.    The Defendant GEICO has up to and including December 10, 2009 to respond to Plaintiffs' Complaint.

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida this _____ day of _____, 2009.

                          _____

                          VICTORIA S. SIGLER, CIRCUIT COURT JUDGE

Copies Furnished To:
Douglas G. Brehm, Esquire
Juan C. Montes, Esquire

# EXHIBIT "C"

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MERLY NUÑEZ, (Class Representative),

        Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY,

        Defendant.

_____/

GENERAL JURISDICTION DIVISION

CASE NO.  09-78375 CA 23

## ORDER GRANTING DEFENDANT, GEICO GENERAL INSURANCE COMPANY'S UNOPPOSED MOTION FOR EXTENSION OF TIME WITHIN WHICH TO RESPOND TO CLASS ACTION COMPLAINT

       **THIS CAUSE** having come before this Court upon Defendant's Unopposed Motion for Extension of Time within which to Respond to Class Action Complaint, and the Court having reviewed the file and being otherwise fully advised in the premises and being further advised of the agreement of the parties hereto, it is:

       **ORDERED AND ADJUDGED** as follows:

       1.    Defendant's Unopposed Motion for Extension of Time within which to Respond to Class Action Complaint is **GRANTED**.

       2.    The Defendant GEICO has up to and including December 10, 2009 to respond to Plaintiffs' Complaint.

       **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida this _____ of _____, 2009.

CONFORMED COPY

NOV 2 4 2009

Victoria S. Sigler
Circuit Court Judge

_____
VICTORIA S. SIGLER, CIRCUIT COURT
JUDGE

Copies Furnished To:
Douglas G. Brehm, Esquire
Juan C. Montes, Esquire

# EXHIBIT "D"

## DECLARATION OF ROBERT MORROW

1. My name is Robert Morrow, and I am over the age of 18.

2. I am employed with GEICO General as an Assistant Vice president of Claims. In that capacity, I am familiar with GEICO's state of incorporation and principal place of business.

3. GEICO is incorporated under the laws of the State of Maryland.

4. GEICO's principal place of business is located in Chevy Chase, Maryland.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Print Name)

Executed this _3rd_ day of December, 2009.

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED by _____ D.C.

## I. (a) PLAINTIFFS

09 — 23624

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Juan C. Montes, Esquire
Lidsky, Vaccaro, Montes & Martinez Attorneys at Law, P.A.
145 E. 49 Street, Hialeah, FL 33013   (305-822-2100)

## DEFENDANTS

GEICO GENERAL INSURANCE COMPANY

DEC 4 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

Attorneys (If Known)

Douglas G. Brehm, Esquire, Shutts & Bowen, LLP, 201 S. Biscayne Blvd., #1500, Miami, FL 33131, 305-358-6300

**(d)** Check County Where Action Arose: ✓ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
✓ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ✓ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

CIV-KING   MAGISTRATE JUDGE
BANDSTRA

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
✓ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO      b) Related Cases ☐ YES ☒ NO

JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

Removal of class action filed in Florida State court alleging breach of Defendant's policy of automobile insurance on behalf of 1000+ policy holders of Defendant. 29 U.S.C. §§ 1332. 1441 and 1446.
LENGTH OF TRIAL via  3-4  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  $10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  12/3/09